[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 621.]

SALEM MEDICAL ARTS & DEVELOPMENT CORPORATION, APPELLANT, *v.*
COLUMBIANA COUNTY BOARD OF REVISION ET AL., APPELLEES.
[Cite as *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision*,
1998-Ohio-657.]

*Taxation—Real property valuation—Appeal to Board of Tax Appeals—Notice of
appeal sent to assistant county prosecutor does not meet R.C. 5717.01's
requirement of filing a notice with the board of revision.*

(No. 97-993—Submitted October 28, 1997—Decided January 7, 1998.)

APPEAL from the Board of Tax Appeals, No. 96-M-1397.

———————————

{¶ 1} Appellant, Salem Medical Arts & Development Corporation ("Salem"), filed a real property valuation complaint with the Columbiana County Board of Revision ("BOR") seeking to reduce the valuation of its property for tax year 1995. The BOR granted a reduction in value, but Salem, not being satisfied with the amount of the reduction, attempted to appeal to the Board of Tax Appeals ("BTA"). Salem timely filed a notice of appeal with the BTA and sent a copy of the notice to the assistant county prosecutor, with whom Salem's counsel had been negotiating a settlement. Salem did not file a copy of the notice of appeal with the BOR.

{¶ 2} At the BTA, the appellees, Columbiana County Auditor and the BOR, moved to dismiss the appeal, alleging that Salem had failed to file a copy of its notice of appeal with the BOR, as required by R.C. 5717.01. The motion alleged that the BOR had received a docketing letter from the BTA, but it had not received a copy of the notice of appeal from the taxpayer. Attached to the appellees' motion was an affidavit of the Columbiana County Auditor stating that no notice of appeal had ever been filed with the BOR. The BOR also filed a transcript of its

proceedings with the BTA, but it noted in the transcript that it had not received a copy of the notice of appeal. Salem contended that it had met the filing requirement by sending a copy of its notice of appeal to the assistant county prosecutor.

{¶ 3} The BTA found that Salem did not file a copy of its notice of appeal with the BOR and granted appellees' motion to dismiss for lack of jurisdiction.

{¶ 4} This matter is now before this court upon an appeal as a matter of right.

_____

*Robert L. Guehl*, for appellant.

*Robert L. Herron*, Columbiana County Prosecuting Attorney, and *Andrew A. Beech*, Assistant Prosecuting Attorney, for appellees.

_____

***Per Curiam.***

{¶ 5} R.C. 5717.01 provides that when one takes an appeal from a board of revision to the BTA:

"Such appeal shall be taken by the filing of a notice of appeal, either in person or by certified mail, with the board of tax appeals and with the county board of revision. * * * Upon receipt of such notice of appeal such county board of revision shall by certified mail notify all persons thereof who were parties to the proceeding before such county board of revision, and shall file proof of such notice with the board of tax appeals. The county board of revision shall thereupon certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision pertaining to the original complaint, and all evidence offered in connection therewith."

{¶ 6} The issue presented here is whether the statutory language in R.C. 5717.01 that a copy of the notice of appeal is to be filed with the board of revision is jurisdictional. Salem contends that procedural efficiency was substantially

accomplished when it served a copy of the notice of appeal upon counsel for the BOR.  We disagree.

{¶ 7} In *Austin Co. v. Cuyahoga Cty. Bd. of Revision* (1989), 46 Ohio St.3d 192, 546 N.E.2d 404, a case factually similar to the present one, the taxpayers filed their notices of appeal with the BTA and, like the appellant in this case, failed to file copies of the notices with the board of revision.  Within the thirty-day appeal period the BTA sent copies of its docketing letters to the Cuyahoga County Auditor, the Cuyahoga County Prosecutor and the Tax Commissioner's tax equalization division.  Despite the lack of the filing, the board of revision in *Austin,* as did the BOR in this case, filed statutory transcripts with the BTA but noted the lack of filing of the notices of appeal.

{¶ 8} We affirmed the BTA's dismissal in *Austin* because "timely filing a copy of the notice of appeal with the board provides that agency with the statutory notice of appeal."  *Id.* at 194, 546 N.E.2d at 406.  According to R.C. 5717.01, after receipt of this notice the board must notify all parties of the appeal and transmit to the BTA a transcript of the board's proceedings, including all evidence reviewed by the board.  Thus under *Akron Std. Div. v. Lindley* (1984), 11 Ohio St.3d 10, 11 OBR 9, 462 N.E.2d 419, the filing requirement runs to the core of procedural efficiency and is essential to the proceeding.  Salem has not substantially complied with the statute.  Moreover, we stated in *Austin* that the "BTA's docketing letters do not replace appellants' duty to file their notices of appeal with the board."  *Id.* at 194, 546 N.E.2d at 406.

{¶ 9} Salem argues that delivering a copy of the notice of appeal to the assistant prosecutor satisfies the filing requirement.  Filing a copy of the notice of appeal with the board of revision is, however, a different requirement from serving a copy of pleadings upon the board's attorney after litigation has begun at the BTA.  R.C. 5715.44 provides that the county prosecutor is to act as counsel for the board of revision in defending any proceedings in any court in which the board of revision

is a party. However, neither R.C. 5715.44 nor R.C. 5717.01 authorizes an appealing party to serve, or the prosecuting attorney to accept, a copy of a notice of appeal in lieu of filing with the board of revision.

{¶ 10} Salem also contends that Civ.R. 5 and S.Ct.Prac.R. XIV(2) support its position that a copy of its notice of appeal may be filed with counsel for the board of revision rather than with the board of revision itself. We disagree.

{¶ 11} Salem's contention ignores the dual status of a board of revision in an appeal to the BTA, where the board is both the deciding tribunal whose decision is being appealed and the party appellee. *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 527 N.E.2d 874. The need for service upon counsel for the board of revision arises only after there has been a proper filing of the notice of appeal with the board of revision and the BTA.

{¶ 12} Finally, Salem contends that because the BOR did not maintain a separate office, its filing of the notice of appeal with the assistant county prosecutor was appropriate. Again we disagree.

{¶ 13} If there was no separately maintained office for the board of revision, then Salem could have filed its notice of appeal with the auditor. R.C. 5715.09 provides that the county auditor is the secretary of the board of revision and "shall * * * keep an accurate record of the proceedings of the board * * * and perform such other duties as are incidental to the position." See *Phoenix Dye Works v. Cuyahoga Cty. Bd. of Revision* (Sept. 6, 1985), BTA No. 84-D-660, unreported.

{¶ 14} For all the foregoing reasons, we affirm the decision of the BTA because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____