NIBERT, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, APPELLEE.

[Cite as *Nibert v. Ohio Dept. of Rehab.
& Corr.* (1998), 84 Ohio St.3d 100.]

(Nos. 97–1905 and 97–1997—Submitted September
16, 1998—Decided December 9, 1998.)

*Tanner, Mathewson & Hansgen* and *Shirley C. Hansgen*, for appellant.

*Betty D. Montgomery*, Attorney General, and *John B. Kahle*, Assistant Attorney General, for appellee.

*Betty D. Montgomery*, Attorney General, *Peter M. Thomas* and *Anne Berry Strait*, Assistant Attorneys General, urging affirmance for *amici curiae*, State Personnel Board of Review et al.

FRANCIS E. SWEENEY, SR., J. The court of appeals certified the following issue for our determination: "When a party files a notice of appeal with an administrative agency within the fifteen-day period set forth in R.C. 119.12, but fails to file a copy of the notice of appeal with the appropriate court of common pleas within the fifteen-day period, does the court of common pleas have subject matter jurisdiction over the appeal?" For the reasons that follow, we answer the question in the negative. The failure to file a copy of the notice of appeal within the fifteen-day period as set forth in R.C. 119.12 deprives the common pleas court of jurisdiction over the appeal. Therefore, we affirm the judgment of the court of appeals.

R.C. 119.12 states, "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided by this section."

Appellant urges us to construe R.C. 119.12 so that only the filing of the notice of appeal to the agency, and not a copy of the notice to the appropriate common pleas court, is necessary to confer subject matter jurisdiction. Such was the case in *Hayes v. Montgomery Cty. Bd. of Commrs.* (1994), 94 Ohio App.3d 597, 641 N.E.2d 277, where the court held that the failure to file a copy of the notice of appeal was not a jurisdictional defect. Rather, the appellate court stated that "the only requirement to invoke the jurisdiction of [the common pleas court] is the timely filing of a notice of appeal with the agency concerned." *Id.* at 599, 641 N.E.2d at 278. The court in *Hayes* relied on R.C. 2505.04, which states that an appeal is perfected by the timely filing of the notice of appeal with the particular agency. See, also, *State Med. Bd. of Ohio v. Brasseur* (July 2, 1986), Licking App. No. CA3171, unreported, 1986 WL 7735.

However, the court of appeals in *In re Namey* (1995), 103 Ohio App.3d 322, 659 N.E.2d 372, discretionary appeal not allowed (1995), 74 Ohio St.3d 1408, 655 N.E.2d 187, interpreted the language of R.C. 119.12 to mean that both the actual notice of appeal and the copy filed with the court must be filed within the fifteen-day period. *Namey* stated, "R.C. 119.12 specifically provides that a copy of such notice of appeal shall be filed with the court. This court further holds that the language 'such notices of appeal shall be filed within fifteen days' necessarily requires that both the notice of appeal filed with the agency and the copy of the notice of appeal filed with the court must be filed within fifteen days. This court holds that appellant's failure to file a copy of the notice of appeal with the court within fifteen days constituted a jurisdictional defect." *Id.* at 325, 659 N.E.2d at 374. The court held that that interpretation promoted the expeditious handling of administrative appeals. *Id.* at 325–326, 659 N.E.2d at 374. Furthermore, it held that the *Hayes* court improperly relied on R.C. Chapter 2505, as R.C. 2505.03 specifically states that the chapter applies only if the appeal is not governed by R.C. 119.12. *Id.* at 325, 659 N.E.2d at 374.

We agree with the rationale of the *Namey* decision. Appellant urges us to liberally construe R.C. 119.12 in favor of her right to appeal. However, "[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite." *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 525, 634 N.E.2d 611, 614. We believe it is clear from the statute's own language that the fifteen-day filing requirement applies to both the notice of appeal and the copy of the notice filed with the court. R.C. 119.12 states, "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court." It then states that such "notices of appeal" shall be filed within fifteen days. (Emphasis added.) In construing a statute, R.C. 1.42 requires that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Taken in its most logical context, the plural "notices of appeal" obviously encompasses both the notice of appeal and the copy of the notice of appeal referred to in the preceding sentences.

As *Namey* found, this interpretation enables administrative agencies and the courts to expeditiously handle such appeals. Even if the terms of R.C. 119.12 are considered ambiguous, we would still be authorized by R.C. 1.49 to consider the legislative intent of the statute and the consequences of a particular construction. *Lynch v. Gallia Cty. Bd. of Commrs.* (1997), 79 Ohio St.3d 251, 254, 680 N.E.2d 1222, 1224. R.C. 119.12 states that the courts must give preference to R.C. 119.12 appeals over all other civil cases, irrespective of the proceedings on the calendar of the court. Obviously, the legislature recognized through R.C. 119.12 the need for prompt disposition of such appeals. Applying a standard fifteen-day

deadline to both the notice of appeal and the copy of the notice of appeal simplifies the filing requirements of R.C. 119.12 and promotes procedural efficiency. Contrary to this analysis, appellant's interpretation would lead to unnecessary confusion, uncertainty, and delay.

As we stated in *Salem Med. Arts Dev. Corp. v. Columbiana Cty. Bd. of Revision* (1998), 80 Ohio St.3d 621, 623, 687 N.E.2d 746, 748, "the filing requirement runs to the core of procedural efficiency and is essential to the proceeding." Since appellant failed to file a copy of the notice of appeal within the fifteen-day period as required by R.C. 119.12, the Madison County Common Pleas Court was without jurisdiction to hear the matter and properly dismissed the appeal. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.