OPINION
Appellant, David Blazy, was licensed in the state of Ohio to practice pharmacy in 1988. On September 10, 1997, appellant appeared before appellee, the Ohio State Board of Pharmacy ("board"), for a hearing on charges surrounding a summary suspension of his license on December 3, 1996. The charges involved the theft and sale without prescription of large quantities of dangerous drugs and controlled substances. Appellant was represented by counsel, and after a full hearing on October 8, 1997, the board ruled that appellant's license was suspended in accordance with R.C. 3719.121 for a period of thirty years. The order specifically held that appellant may not make application to the board for issuance of a new license for thirty years.
Appellant was specifically informed of his appeal rights and no appeal was taken from that order.
On September 28, 2000, appellant requested an application to take the pharmacy examination. On October 3, 2000, the board, by its legal affairs administrator, David L. Rowland, wrote to counsel for appellant:
Dear Mr. Mamone:
 The Board has received your letter dated September 28, 2000, wherein you request an application to take the pharmacy examination for your client. Unfortunately, your client, Mr. Blazy, is not yet permitted to take the examination. A copy of his previous Board Order is enclosed for your review.
Appellant appealed to Franklin County Court of Common Pleas after receipt of Rowland's letter, proceeding on the theory that this letter denied appellant the right to take the pharmacy examination as an order of the board, appealable pursuant to R.C. 119.12.
The board moved the trial court to dismiss the appeal on the grounds that appellant did not file his appeal within fifteen days of the board's order, as required by R.C. 119.12. The board based its motion on the proposition that the appeal was in reality from the board's October 8, 1997 order of which appellant had been advised by Rowland. The trial court sustained the board's motion, finding that the appeal was from the October 8, 1997 order and not from the October 3, 2000 letter.
Appellant objected to the trial court's decision dismissing the appeal for the reason that the board did not file a complete record of the proceedings of the hearing before the board on September 10, 1997. The purpose of requesting that record was to collaterally attack the validity of the 1997 hearing and order. The trial court overruled that objection, finding that when a timely appeal is not filed there is no requirement that the record be submitted to the common pleas court.
Appellant appeals, asserting the following assignments of error:
 I. THE COURT ERRED TO THE PREJUDICE OF APPELLANT-APPELLANT BY RULING THAT THE LETTER FROM THE OHIO STATE BOARD OF PHARMACY AND SIGNED BY DAVID L. ROWLAND, LEGAL AFFAIRS ADMINISTRATOR DENYING APPELLANT THE RIGHT TO TAKE THE PHARMACY EXAMINATION WAS NOT AN APPEALABLE ORDER.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT-APPELLANT IN OVERRULING APPELLANT-APPELLANT'S OBJECTIONS FILED IN THE FRANKLIN COUNTY COMMON PLEAS COURT ON DECEMBER 27, 2000.
The issue in appellant's first assignment of error is whether his appeal of October 13, 2000 was in reality an appeal of the board's order of October 8, 1997, and hence untimely, or whether it was a proper appeal from Rowland's letter of October 3, 2000.
R.C. 119.12 provides in part:
 Any part desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.
Obviously, if the appeal is from the board's order of October 8, 1997, suspending appellant's license for thirty years and providing that appellant could not take the pharmacy examination until the lapse of that time, the appeal was not timely filed. Appellant vigorously argues that his appeal is from Rowland's letter which stated that he was not eligible to take the pharmacy examination based on the October 8, 1997 order of the board. The question is whether Rowland's letter was an order of the board which is appealable. We agree with the trial court that the letter from Rowland of October 3, 2000 was not an order issued by the board. The board's action in relation to appellant was taken on October 8, 1997, and Rowland's letter was an informative letter rather than being an order of the board. In order to be eligible to take the pharmacy examination now, appellant would be required to obtain a modification of the 1997 order. There may be no collateral attack upon the October 8, 1997 order by the legal fiction of attempting to convert a letter explaining the reason for his ineligibility to take the pharmacy examination as another order of the board.
The requirement that a notice of appeal be filed with the agency and the court in a timely manner is jurisdictional. Zier v. Bureau of Unemployment Compensation (1949), 151 Ohio St. 123. Failure to do so deprives the common pleas court of the requisite jurisdiction to hear the case. Nibert v. Ohio Dept. of Rehab. Corr. (1998), 84 Ohio St.3d 100. Appellant's first assignment of error is overruled.
Appellant's second assignment of error objects to the fact that the board did not prepare a transcript of his hearing of September 10, 1997, when requested to do so on October 23, 2000. As appellant did not file his appeal within the required time period, the trial court did not have jurisdiction to entertain the matter or to order the board to prepare a transcript. Furthermore, R.C. 119.12 only requires that the agency prepare and certify to the court a complete record of the proceedings in the case from which an appeal is timely affected. Appellant's time to appeal the order of the board suspending his license for thirty years had elapsed three years previously. Appellant's second assignment of error is overruled.
Having overruled appellant's two assignments of error, the judgment of the trial court is affirmed.
 _____________________ McCORMAC, J.
BOWMAN and PETREE, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.