DECISION AND JUDGMENT ENTRY
{¶ 1} The Ohio Department of Insurance ("The Department") appeals the order of the Gallia County Court of Common Pleas that entered judgment in favor of Paul D. Morrison because The Department failed to file the record of proceedings in a timely manner. The Department first argues that the trial court lacked subject matter jurisdiction because Morrison did not serve it an original notice of appeal. Because we find that Morrison complied with R.C. 119.12, we disagree. The Department next argues that the trial court erred in entering a stay of its order without giving The Department an opportunity to file a memorandum opposing the stay. Because we find that the trial court had subject matter jurisdiction to enter the stay and because we find that any error caused by the trial court entering the stay ex parte is harmless, we disagree. The Department further argues that its due process rights were violated because the trial court entered judgment without considering their timely filed memorandum in opposition. Because we find that The Department timely filed its memorandum in opposition, we agree. Finally, we find that The Department's argument that the trial court erred in entering judgment for Morrison because it did not timely forward the record to the trial court is moot. Accordingly, we reverse the judgment of the trial court and remand this case to the trial court.
 I. {¶ 2} On September 11, 2001, The Department's Superintendent of Insurance ("The Superintendent") revoked Morrison's insurance agent license. On September 26, 2001, Morrison filed a notice of appeal with the Gallia County Court of Common Pleas. This notice bears the original signature of his attorney and, in the certificate of service, states that a copy of the notice was served upon The Department. Along with his notice of appeal, Morrison sought a stay of The Department's revocation of his insurance agent license. Morrison also served a notice of appeal on the agency.
 {¶ 3} The next day, the trial court suspended the revocation of Morrison's insurance agent license. The entry noted that The Department was free to move the court to dissolve the stay before the appeal was determined. On October 3, The Department requested that the trial court reconsider the stay.
 {¶ 4} On November 1, 2001, The Department filed a certification of the administrative record along with copies of the original papers filed with it. Also on November 1, 2001, Morrison moved the court to enter judgment in his favor because The Department did not timely file the administrative record.
 {¶ 5} On November 8, 2001, the trial court entered its decision overruling The Department's motion to reconsider the stay.
 {¶ 6} On November 26, 2001, The Department filed its memorandum in opposition to Morrison's motion to enter judgment in his favor. In this memorandum, The Department argued that it timely filed the administrative record by filing it thirty-six days after the notice of appeal, because Loc.R. 36 of the Gallia County Common Pleas Court provides a forty-day time limit for certification of the administrative record.
 {¶ 7} On November 28, 2001, the trial court filed its journal entry reversing The Superintendent's order. In its entry, the trial court stated that The Department failed to file a memorandum opposing Morrison's motion. The trial court relied upon R.C. 119.12, which provides that the administrative record must be filed within thirty days, and did not mention Loc.R. 36.
 {¶ 8} On December 5, 2001, The Department filed a motion seeking reconsideration of the trial court's entry granting judgment to Morrison. Also on December 5, 2001, Morrison filed an opposing memorandum to Morrison's motion.
 {¶ 9} On December 21, 2001, The Department filed a notice of appeal from the November 28, 2001 entry. The trial court had yet to rule on The Department's motion for reconsideration.
 II. {¶ 10} Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Insurance Co. of North America
(1989), 44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. We must sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184.
 {¶ 11} We conclude that The Department's appeal is from a final appealable order. The fact that a motion for reconsideration was pending does not compromise the finality of the original entry. See App.R. 26(A) (motion to reconsider does not affect time to appeal); Miller v. Sts.Peter Paul School (1998), 126 Ohio App.3d 762, 764 (because common pleas court was acting as an appellate court in administrative appeal of unemployment compensation case, App.R. 26 applied). Thus, we find that The Department appealed a final appealable order.
 III. {¶ 12} In its first assignment of error, The Department argues that the trial court did not have subject matter jurisdiction to consider Morrison's appeal because Morrison did not file an original of the notice of appeal with the agency. The Department failed to raise this issue in the trial court; however, a party may raise the lack of subject matter jurisdiction at any time, "even for the first time on appeal." State exrel. Jones v. Susten (1998), 84 Ohio St.3d 70, 75, citing In re Byard
(1996), 74, Ohio St.3d 294, 296. Thus, we consider The Department's argument.
 {¶ 13} R.C. 119.12, which deals with appeals from certain agency rulings, states: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."
 {¶ 14} "The failure to file a copy of the notice of appeal within the fifteen-day period as set forth in R.C. 119.12 deprives the common pleas court of jurisdiction over the appeal." Nibert v. Ohio Dept. ofRehab. Corr. (1998), 84 Ohio St.3d 100, syllabus (holding that common pleas court did not have jurisdiction because copy of the notice of appeal was filed with the court beyond the fifteen day requirement, even though the notice of appeal was timely filed with the agency).
 {¶ 15} The Department argues that in Nibert, the Ohio Supreme Court implies that an original notice of appeal must be filed with the agency for the common pleas court to have subject matter jurisdiction because, in Nibert, the Court stated: "Taken in its most logical context, the plural `notices of appeal' obviously encompasses both the notice of appeal and the copy of the notice of appeal referred to in the preceding sentences."
 {¶ 16} In Smith v. State Dept. of Commerce (Aug. 21, 2000), Franklin App. No. 00AP-1342, the Tenth District Court of Appeals construed the provision of R.C. 119.12 at issue here. Smith filed an original notice of appeal with the Franklin County Common Pleas Court and then faxed a copy of it to the agency. The next day, which was beyond the fifteen-day limit specified in R.C. 119.12, Smith served a "hard copy" of his notice on the agency. The court ruled that "by its terms, R.C. 119.12
requires that a notice of appeal, not a copy of a notice of appeal, be filed with the agency and copy be filed with the court within the fifteen-day period. A facsimile, by its very nature is a copy."
 {¶ 17} Here, Morrison timely filed a "hard copy" of his notice of appeal with both the agency and the court of common pleas. Thus, we findSmith inapposite.
 {¶ 18} We find that Morrison complied with R.C. 119.12 by timely filing a notice of appeal with both The Department and the trial court. Here, the two notices of appeal bear different signatures, so they are not photocopies of each other. However, we are unable to discern from the documents whether they are photocopies of phantom "original" notices of appeal or signed original documents. Neither the plain language of R.C.119.12 nor Nibert requires that a document bearing an original signature be served on the agency, or that a photocopy of the notice of appeal be served on the court. The record reveals that Morrison filed "a notice of appeal" with the agency and "a copy" of this notice of appeal with the trial court. Thus, we find that the trial court had subject matter jurisdiction to hear Morrison's appeal and overrule The Department's first assignment of error.
 IV. {¶ 19} In its third assignment of error, The Department argues that the trial court violated its due process rights when it (1) granted a stay ex parte and before it had subject matter jurisdiction and (2) entered judgment without considering its timely memorandum in opposition.
 {¶ 20} We first consider whether the trial court erred in granting the stay. The Department's legal services division stamped the notice of appeal as being received on September 27, 2001. The clerk of courts entered the trial court's entry granting the stay on September 27, 2001. Because the stay was filed on the same day that it was vested with subject matter jurisdiction by virtue of The Department receiving the notice of appeal, we find that the trial court had subject matter jurisdiction to enter the stay.
 {¶ 21} We next consider whether the trial court erred in granting the stay without allowing The Department to respond to the motion for the stay.
 {¶ 22} We find that any error committed by the trial court in granting the stay without allowing The Department to respond to the request for the stay is harmless. The trial court considered The Department's arguments in opposition to the stay when it ruled on The Department's motion to reconsider the stay. The trial court's initial failure to permit The Department to respond coupled with its timely reconsideration of its ruling is not inconsistent with substantial justice and did not affect the substantial rights of the parties. Thus, any error was harmless. Civ.R. 61.
 {¶ 23} Accordingly, we overrule the part of The Department's third assignment of error that asserted that the trial court erred in granting the stay.
 {¶ 24} We finally consider The Department's argument that the trial court erred by deciding Morrison's motion for judgment without considering its memorandum in opposition.
 {¶ 25} We first determine whether The Department's memorandum in opposition was timely filed. Loc.R. 20 of the Gallia County Common Pleas Court provides, "All parties opposing motions shall file and serve a memorandum in opposition to the motion that has been filed and served against them. All memorandums shall: * * * be filed and served within 14days from the time notice of the motion was received. If no memorandum is filed within this time limit, the motion may be decided forthwith." (Emphasis added.) Thus, the fourteen-day period to respond begins when "notice of the motion was received." The rule does not specify by whom the motion must be received to start the fourteen-day period. However, the rules use the term "file" when referring to something being received by the clerk of court, e.g., Loc.R. 20 provides "The Clerk [of Courts] shall deliver all motions that require the attention of the Court * * * within three days after they have been filed." Thus, we construe the plain language of Loc.R. 20 to require the opposing party to file its opposing memorandum within fourteen days of receiving it.[1]
 {¶ 26} Here, the record reveals that The Department received the motion on November 13, 2001[2] and filed its opposing memorandum on November 26, 2001. We find that The Department filed its motion within the fourteen-day time requirement and, therefore, timely filed its opposing memorandum.
 {¶ 27} Next, we determine whether the trial court erred in ruling on Morrison's motion for judgment without considering their timely memorandum in opposition. Due process requires reasonable notice and an opportunity to be heard. Cleveland Bd. of Edn. v. Loudermill (1985),470 U.S. 532; Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. LakewoodCity School Dist. Bd. of Edn. (1994), 68 Ohio St.3d 175. Generally, a trial court should consider timely filed memorandums in opposition to a motion before ruling on a motion. See, e.g., Quonset Hut, Inc. v. FordMotor Co. (1997), 80 Ohio St.3d 46, 48 (before dismissing a case pursuant to Civ.R. 41(B), the party in default must have an opportunity to reply in order to explain or correct the default); McGlone v. Grimshaw (1993),86 Ohio St.3d 279, 283-4 (trial court erred in ruling on motion to strike before seven day time period for hearing expired and before opposing party filed a timely response).
 {¶ 28} Here, the trial court violated The Department's due process rights by ruling on Morrison's motion for judgment without affording the Department its right to be heard through its timely filed opposing memorandum. Therefore, we find that the trial court erred in entering judgment without considering The Department's opposing memorandum. Accordingly, we sustain the remainder of The Department's third assignment of error.
 V. {¶ 29} In their second assignment of error, The Department argues that the trial court erred in entering judgment against it because the time for filing the record had not expired. Because we have found that the trial court erred in entering judgment without considering this argument (and any other arguments The Department made in its opposing memorandum), we find that this assignment of error is moot and decline to consider it pursuant to App.R. 12(A)(1)(c).
 VI. {¶ 30} In sum, we overrule The Department's first assignment of error and part of its third assignment of error, sustain part of its third assignment of error, and find that the second assignment of error is moot. Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to Paul D. Morrison.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment and Opinion.
[1] We acknowledge that under this interpretation the only party that knows when the motion has been received is the opposing party. Therefore, when the court rules on the motion without having received the opposing memorandum, it risks ruling before the time for such a filing has expired.
[2] The Department stamped Morrison's motion for judgment as received on this date.