OPINION
{¶ 1} This is an accelerated calendar appeal submitted on the briefs of the parties from a judgment entry to vacate a prior judgment of the Trumbull County Court of Common Pleas, in which the trial court granted appellee's, Registrar, Bureau of Motor Vehicles, motion for relief from judgment. We affirm.
 {¶ 2} Appellant, Christopher Harrison, was convicted by a jury of involuntary manslaughter and driving under the influence in the Portage County Court of Common Pleas on September 17, 1996. His sentence included an indefinite term of incarceration of three to ten years and, pursuant to R.C. 2903.04(D)(1), his driver's license was revoked.
 {¶ 3} On October 16, 1996, appellee mailed appellant a notice of suspension pursuant to R.C. 119.12. Such notice informed appellant that the suspension of his license was in place and that he could appeal this suspension. The notice further informed appellant that, in accordance with R.C. 119.12, any appeal must be sent in writing to both the Ohio Bureau of Motor Vehicles ("OBMV") and a court of common pleas in his county. It also specifically stated that any appeal must be received within fifteen days of the mailing of the notice of suspension.
 {¶ 4} On October 28, 1996, Appellant filed his timely notice of appeal with the OBMV and the Trumbull County Court of Common Pleas. On July 24, 1998, appellant voluntarily dismissed his appeal. Subsequently, on July 20, 1999, appellant filed a second notice of appeal from the October 16, 1996 notice of suspension.
 {¶ 5} Appellant prevailed upon his second appeal and judgment was entered on August 31, 2001, vacating his suspension and ordering his driving privileges to be reinstated. The trial court based this judgment on a denial of appellant's rights under the Fifth, Sixth andFourteenth Amendments to the United States Constitution.[1]
 {¶ 6} In response to this judgment, appellee filed a motion for relief from judgment under Civ.R. 60(B). Appellee set forth two arguments in support of its motion. First, appellee argued inadvertence on its part for failing to appear for two previous status conferences. Second, it was argued that the judgment entry in favor of appellant's appeal was contrary to law because the court of common pleas was without jurisdiction to vacate the prior criminal sentence.
 {¶ 7} On June 19, 2002, the trial court found appellee's motion for relief from judgment well taken and vacated its previous judgment entry of August 31, 2001. Specifically, the trial court found that the non-appearance of appellee was inadvertent and the trial court lacked subject matter jurisdiction. As a result, the court's previous judgment reinstating appellant's license was vacated and the appeal was dismissed.
 {¶ 8} From this judgment, appellant filed a notice of appeal with this court advancing one assignment of error:
 {¶ 9} "The trial court erred in dismissing this action for want of subject-matter jurisdiction; and in granting Appellee's Civil Rule 60(B) motion."
 {¶ 10} According to appellant, the trial court derived subject matter jurisdiction of the administrative appeal pursuant to Section 4, Article IV, of the Ohio Constitution and R.C. 119.12. To properly determine if the trial court obtained subject matter jurisdiction of the administrative appeal, we must first resolve a preliminary issue; whether appellant filed a timely notice of appeal pursuant to R.C. 119.12.
 {¶ 11} Subject matter jurisdiction of an administrative appeal depends upon the "literal compliance" of the provisions set forth in R.C. 119.12. Brenner v. Ohio State Dental Bd. (Aug. 11, 2000), 11th Dist. No. 99-P-0064, 2000 Ohio App. LEXIS 3700, at 5. The failure to file a notice of appeal within these time limitations will deprive the trial court of subject matter jurisdiction, and the administrative appeal must be dismissed. Nibert v. Ohio Dept. of Rehab. Corr.,84 Ohio St.3d 100, 101, 1998-Ohio-506. Accordingly, we now turn our attention to the provisions set forth in R.C. 119.12.
 {¶ 12} The requirements necessary to properly file a notice of appeal for an administrative appeal are:
 {¶ 13} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."
 {¶ 14} Thus, pursuant to R.C. 119.12, a notice of appeal must be filed within fifteen days after the mailing of the agency's notice of suspension.
 {¶ 15} Ohio courts have acknowledged that the requirements of R.C. 119.12 must be complied with strictly. Without strict compliance of all of the statutory requirements for an administrative appeal, a jurisdictional defect will exist. Noel v. Ohio Dept. of Transp. (Dec. 13, 1993), 4th Dist. No. 2140, 1993 Ohio App. LEXIS 5976, at 6. If a party only substantially complies with the requirements of R.C. 119.12, then such compliance is "insufficient to confer jurisdiction." Brenner at 5.
 {¶ 16} The Supreme Court of Ohio reinforced the importance of strict compliance with the fifteen-day filing requirement stating, "the filing requirement runs to the core of procedural efficiency and is essential to the proceeding." Salem Med. Arts Dev. Corp. v.Columbiana Cty. Bd. of Revision, 80 Ohio St.3d 621, 623, 1998-Ohio-657. Therefore, if a party fails to strictly comply with the requirements of R.C. 119.12, subject matter jurisdiction is forfeited and the administrative appeal must be dismissed.
 {¶ 17} Despite the determination that the requirements of R.C.119.12 must be complied with strictly, the instant case presents us with a separate, yet related question; what is the impact of a voluntary dismissal without prejudice of a timely administrative appeal on a subsequent appeal refiled at a date beyond the original fifteen day filing provision. To answer this question properly, an analysis of Civ.R. 41(A)(1)(a) is necessary.
 {¶ 18} In a typical civil action, a voluntary dismissal, pursuant to Civ.R. 41(A)(1)(a), allows a party to dismiss a claim without prejudice.[2] Champion Mall Corp. v. Bilbo Freight Lines, Inc. (1992),81 Ohio App.3d 611, 614. Moreover, a civil claim dismissed without prejudice may be refiled at a later date. See, e.g., Allstate Ins. Co. v.Long, 11th Dist. Nos. 2001-P-0038 and 2002-P-0039, 2003-Ohio-61, at ¶ 21. In contrast, a dismissal with prejudice, in a typical civil action, is treated as an adjudication upon the merits, and precludes a party from refiling their claim. Pfohl v. Steve Martin Custom Homes, Inc.
(Sept. 9, 1998), 9th Dist. No. 18962, 1998 Ohio App. LEXIS 4179, at 3-4.
 {¶ 19} An administrative appeal, however, is not a typical civil action and, therefore, whether the appeal is with or without prejudice is irrelevant. In short, when a party voluntarily dismisses an administrative appeal, they simply do not have the option to refile if the fifteen-day limit to appeal has elapsed. The Supreme Court of Ohio has held that a properly taken appeal may be dismissed voluntarily by the appellant, however, such a dismissal is always with prejudice. Irwin v.Lloyd (1901), 65 Ohio St. 55, 61. The Court's holding was based on the premise that there is no right to a second appeal and, as a result, any dismissed appeal is res judicata. Id. See, also, Stewart v. O'Neal
(C.A.6, 1916), 237 F. 897, 913.[3]
 {¶ 20} We now apply the foregoing law to the instant case. Appellee mailed appellant a notice of suspension on October 16, 1996. Pursuant to R.C. 119.12, appellant had fifteen days to appeal the suspension from the date of the mailing. Appellant properly filed his notice of appeal on October 28, 1996, which was within the fifteen-day time limit. Thus, appellant was in strict compliance with R.C. 119.12, and subject matter jurisdiction was conferred upon the trial court.
 {¶ 21} On July 24, 1998, appellant filed a voluntary dismissal without prejudice of his administrative appeal. Appellant then refiled his administrative appeal, from the October 16, 1996 notice of suspension, on July 20, 1999.
 {¶ 22} Appellant's designation as a voluntary dismissal without prejudice is meaningless. An R.C. 119.12 appeal may not be refiled due to res judicata. As a matter of law it had actually been dismissed with prejudice. Because, the second notice of appeal was well beyond the fifteen-day time limit imposed by R.C. 119.12, appellant was no longer in strict compliance with R.C. 119.12. Due to this lack of compliance, the trial court was without subject matter jurisdiction of the administrative appeal.
 {¶ 23} Appellant further argues that appellee's motion for relief from judgment was the improper vehicle by which to dismiss his administrative appeal. According to appellant, a motion for relief from judgment cannot be used as a substitute for a timely appeal. This issue, however, is moot due to the determination that the lower court lacked subject matter jurisdiction.
 {¶ 24} Civ.R. 12(H)(3) states, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Therefore, an objection to a court's subject matter jurisdiction may be made at any time because this issue cannot be waived. In re Foster, 5th Dist. No. 2002CA00165, 2002-Ohio-4670, at ¶ 17. See, also, State v. Waller, 4th Dist. No. 02CA8, 2002-Ohio-6080, at ¶ 6. In applying Civ.R. 12(H)(3), this court has repeatedly found that, "an attack on an order of the court based on subject matter jurisdiction is never waived, even if the party fails to raise the matter or otherwise object below on this ground." Meadow Brook Properties v. Am. Asphalt Sealcoating Co. (Sept. 30, 1998), 11th Dist. No. 97-L-249, 1998 Ohio App. LEXIS 4621, at 5, citing Klaue v. Sidley (May 2, 1997), 11th Dist. No. 96-A-0070, 1997 Ohio App. LEXIS 1782, at 4-5; Droeder v. Minot (Aug. 13, 1993), 11th Dist. No. 92-T-4751, 1993 Ohio App. LEXIS 3937, at 2; Kinkade v. Kinkade (Dec. 19, 1986), 11th Dist. No. 11-046, 1986 Ohio App. LEXIS 9375, at 4.
 {¶ 25} In the case at hand, the question of whether the motion for relief from judgment was the proper vehicle to dismiss the appeal is irrelevant. Appellee suggested, both in the lower court and on appeal, that the lower court did not have subject matter jurisdiction over this action. Thus, pursuant to Civ.R. 12(H)(3), whether it was a motion to vacate or a motion for relief from judgment, the trial court had to dismiss the appeal of appellant's license revocation for lack of subject matter jurisdiction.
 {¶ 26} Based on the foregoing analysis, appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.
WILLIAM M. O'NEILL and DIANE V. GRENDELL, JJ., concur.
[1] The trial court came to this conclusion by following the applicable law as stated in Herrington v. Edwards (C.A.6, 1999),114 L.Ed.2d 812.
[2] Civ.R. 41(A)(1)(a) specifically states, "* * * a plaintiff, without order of court, may dismiss all claims against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial[.] * * * Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice[.] * * *"
[3] For a more recent finding that the dismissal of an administrative appeal is always with prejudice, see Eleventh District Court of Appeals Judgment Entry of December 19, 2002, for Geauga Cty. Bd. of Health v.Pauer, case No. 2002-G-2462.