DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, a minor child B.B., David Biery and Suzanne Biery, appeal from an order of the Summit County Court of Common Pleas, which upheld an agency decision to dismiss their administrative appeal. We affirm.
 I. {¶ 2} David and Suzanne Biery are a married couple, who were in the process of adopting the minor child, B.B. On June 17, 2003, the Bierys filed an Application for Nonrecurring Adoption Expense Reimbursement with Appellee, Ohio Department of Job and Family Services (ODJFS). On October 24, 2003, ODJFS mailed the Bierys a form which denied the application. In response, the Bierys requested a hearing on the action.
 {¶ 3} On November 26, 2003, the hearing officer issued a decision upholding the denial. On December 9, 2003, the Bierys mailed an Administrative Appeal Request via regular U.S. mail, which was stamped as received by ODJFS on December 12, 2003, 16 days after the decision. ODJFS dismissed the request as untimely, relying on the date stamp to determine that it had not been received within the 15-day timeframe.
 {¶ 4} The Bierys sought an administrative appeal of the agency decision in the Summit County Court of Common Pleas, via R.C. 5101.35. However, the common pleas court affirmed ODJFS's decision to dismiss the action, holding that the Bierys failed to meet the statutory timeframe of 15 days. The Bierys timely appealed to this Court, asserting a single assignment of error.
 II. Assignment of Error
"The trial court committed reversible error and abused its discretion to the material and substantial prejudice of the appeallants by dismissing petitioner's appeal of administrative denial based solely upon an alledged untimely request and without evidentiary hearing and without notice of at least nonoral hearing." [sic]
 {¶ 5} The Bierys allege that even if the appeal request was received on day 16, as ODJFS claims, there are several reasons why the dismissal was in error. The Bierys urge that these reasons warrant reversal. We disagree.
 {¶ 6} The process for ODJFS administrate appeals is set out in the Ohio Administrative Code, including the time for filing:
"The request must be received by the office of legal services, ODJFS, within fifteen calendar days from the date the decision being appealed was issued." Ohio Adm. Code 5101:6-8-01(C)(4).
This Court has previously considered this issue and concluded that the request must be received within 15 days, or else be dismissed. Grill v. Ohio Dept. of Job Family Servs., 9th Dist. No. 02CA0039-M, 2003-Ohio-1139, at ¶ 13.
 {¶ 7} In Grill, the majority upheld an absolute rule, in which noncompliance resulted in a strict consequence; either the request for appeal was stamped as received by the date certain, or the request was deemed untimely. Id. at ¶ 31. As an alternative, the Grill dissent argued for a rebuttable presumption, rather than an absolute rule; urging that reasonable justification should rebut noncompliance and overcome strict application of the date certain to the denial. Id. at ¶ 36-37 (Batchelder, J., dissenting).
 {¶ 8} Under the circumstances of Grill, the appellants produced evidence that they had submitted the request, via U.S. certified mail, in a manner reasonably expected to arrive within the date certain, and yet failure had occurred through an error entirely on the part of the post office, and unknown to the appellants. The present case presents no such compelling circumstances. The form request contained in the record was signed by Ms. Biery on December 8, 2003, while the opposite side is postmarked December 9, 2003, for delivery via regular mail. Hence, receipt at the ODJFS would be reasonably expected to arrive on December 12, 2003, three days later. See Civ.R. 6(E) (presuming three days for delivery of regular mail). In summary, the decision was issued on November 26, 2003, and their request was stamped as received on December 12, 2003: 16 days later. Therefore, in accordance with the above rule, the request is untimely on its face and was properly dismissed.
 {¶ 9} The Bierys argue that service was improper because the November 26, 2003 decision was sent to them and not their legal counsel; however, they offer no relevant legal justification to support this claim or even any factual proof in support of this charge. The Bierys also suggest that ODJFS may have actually had the request in time and merely stamped it late; however, this is no more than speculation, lacking any supporting proof.
 {¶ 10} The Bierys also claim that the intervening Thanksgiving holiday delayed their receipt of the notice, necessitating additional time for response; however, intervening holidays do not toll the deadline for response. See, e.g., Gingov. State Med. Bd. (1989), 56 Ohio App.3d 111, 115-16. Along a similar theme, the Bierys argue that the date they mailed the request is actually the date of service, and thus met the requirement. However, the statute requires receipt and merely depositing the request in the mail is not the same thing.Townsend v. Bd. of Bldg. Appeals (1976), 49 Ohio App.2d 402,402. Finally, the Bierys emphasize that the request was only one day late, and insist that the issues involved are too serious to allow dismissal merely for missing the deadline. However, the Ohio Supreme Court has established that the deadline is 15 days and there is no ability to construe it liberally. See Nibert v.Ohio Dept. of Rehab. Corr. (1998), 84 Ohio St.3d 100, 102.
 {¶ 11} Based on the foregoing, we conclude that the Bierys' request was received after the prescribed time limit and their arguments against application of that time limit are without merit. The Bierys' assignment of error is overruled.
 III. {¶ 12} The Bierys' sole assignment of error is overruled. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, J., Carr, P.J., concur