[Cite as *AWMS Water Solutions, L.L.C. v. Ohio Dept. of Natural Resources*, 2025-Ohio-1845.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AWMS Water Solutions, LLC, | : | |
| Appellant-Appellant, | : | |
| | : | No. 24AP-704 |
| v. | : | (C.P.C. No. 22CV-5503) |
| Ohio Department of Natural Resources, Division of Oil and Gas Resources Management, | : | (REGULAR CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on May 22, 2025

**On brief:** *Brennan, Manna & Diamond, LLC*, *John N. Childs*, *Daniel J. Rudary*, and *Hilary F. DeSaussure*, for appellant. **Argued:** *Hilary F. DeSaussure*.

**On brief:** *Dave Yost*, Attorney General, *Brett A. Kravitz*, and *John K. McManus*, for appellee. **Argued:** *Brett A. Kravitz*.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Appellant, AWMS Water Solutions, LLC ("AWMS"), appeals from the October 31, 2024 judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of appellee, Ohio Department of Natural Resources, Division of Oil and Gas Resources Management ("ODNR"), for lack of subject-matter jurisdiction. For the reasons that follow, we affirm the judgment below.

## I.   FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On May 21, 2021, the chief of ODNR ("chief") issued an order permitting AWMS to resume operations, with restrictions, at one of its saltwater injection wells (the "Restart Order"). Believing the conditions of the Restart Order were unreasonably

restrictive, AWMS filed an appeal from the chief's order with the Ohio Oil and Gas Commission ("the commission"). Following an evidentiary hearing and after being fully briefed by the parties, the commission issued its "Findings, Conclusions and Order of the Commission" on June 30, 2022 affirming the chief's order.

{¶ 3} AWMS received a copy of the commission's order via certified mail on July 5, 2022. AWMS filed its notice of appeal from that order with the commission via email on August 3, 2022, and via FedEx on August 4, 2022. (Aug. 9, 2022 Notice of Appeal.) On August 9, 2022, AWMS filed a notice of appeal from the commission's June 30, 2022 order in the Franklin County Court of Common Pleas.

{¶ 4} On August 19, 2022, ODNR moved to dismiss AWMS's administrative appeal pursuant to Civ.R. 12(B)(1), asserting that AWMS failed to perfect its appeal under R.C. 1509.37 by timely filing a copy of the notice of appeal with the trial court, as required by the statute. AWMS filed a memorandum in opposition to the motion to dismiss, arguing it was only required to timely file a notice of appeal with the commission—not the trial court. On October 31, 2024, the trial court filed a decision and entry granting ODNR's motion to dismiss for lack of subject-matter jurisdiction.

{¶ 5} AWMS appeals from that decision and asserts the following sole assignment of error for our review:

> THE TRIAL COURT ERRED BY DISMISSING APPELLANT-APPELLANT'S, AWMS WATER SOLUTION[S], LLC'S, ADMINISTRATIVE APPEAL AFTER AWMS TIMELY FILED THE SAME WITH THE APPELLEE-APPELLEE, OHIO DEPARTMENT OF NATURAL RESOURCES, DIVISION OF OIL AND GAS RESOURCE[S] MANAGEMENT.

## II. ANALYSIS

{¶ 6} In its sole assignment of error, AWMS asserts that it complied with the requirements provided in R.C. 1509.37 for perfecting an appeal from an order of the commission. That provision provides, in pertinent part:

> Any party adversely affected by an order of the oil and gas commission may appeal to the court of common pleas of Franklin county. Any party desiring to so appeal shall file with the commission a notice of appeal designating the order appealed from and stating whether the appeal is taken on questions of law or questions of law and fact. ***A copy of the***

> ***notice also shall be filed by appellant with the court
> and shall be mailed or otherwise delivered to
> appellee.*** Such notices shall be filed and mailed or otherwise
> delivered within thirty days after the date upon which appellant
> received notice from the commission by certified mail of the
> making of the order appealed from.

(Emphasis added.)  R.C. 1509.37.

{¶ 7}  Here, the commission issued the order that is the subject of AWMS's administrative appeal on June 30, 2022.  AWMS acknowledges it received this order via certified mail on July 5, 2022.  (Aug. 9, 2022 Notice of Appeal.)  Thus, to perfect an appeal from the commission's order, AWMS was required to file by Thursday, August 4, 2022.

{¶ 8}  It is undisputed that AWMS timely provided the commission with notice of its intention to file.  (*See* Aug. 9, 2022 Notice of Appeal.)  But, it is also undisputed that AWMS did not file a copy of its notice of appeal with the trial court until August 9, 2022—after the filing deadline expired.

{¶ 9}  At issue, then, is whether AWMS's untimely filing deprived the trial court of subject-matter jurisdiction.  For the following reasons, we find it did.

### A.  Controlling Legal Standards

{¶ 10}  The standard of review for dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.  *State ex rel. Bush*, 42 Ohio St.3d 77, 80 (1989); *Nacelle Land & Mgt. Corp. v. Ohio Dept. of Natural Resources*, 65 Ohio App.3d 481, 483 (10th Dist. 1989); *Cotten v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-3392, ¶ 6 (10th Dist.).

{¶ 11}  Subject-matter jurisdiction refers to a court's power to entertain and adjudicate a particular class of cases on the merits.[1] *State v. Harper*, 2020-Ohio-2913, ¶ 23; *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972).  Because a court is powerless to hear a case without subject-matter jurisdiction, " '[a] court's subject-matter jurisdiction is determined without regard to the

---

[1] In comparison, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12. Unlike subject-matter jurisdiction, jurisdiction over a particular case involves consideration of the rights of the parties. *Id.* at ¶ 19. "Personal jurisdiction" refers to a court's power to render a valid judgment against a particular individual. *See, e.g., State v. Henderson*, 2020-Ohio-4784, ¶ 36.

rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed. 2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts."). Simply put, the existence of subject-matter jurisdiction is a " ' "condition precedent to [any] court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." ' " *Harper* at ¶ 23, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶ 12} An appellate court reviews the issue of subject-matter jurisdiction de novo. *Hulbert v. Buehrer*, 2017-Ohio-844, ¶ 12 (10th Dist.), quoting *Klosterman v. Turnkey-Ohio, L.L.C.*, 2009-Ohio-2508, ¶ 19 (10th Dist.). *See also Pointer v. Smith*, 2021-Ohio-2247, ¶ 8 (10th Dist.), citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.).

## B. Common Pleas Court Jurisdiction to Hear Administrative Appeals

{¶ 13} In the context of administrative appeals, "[c]ourts of common pleas only have 'such powers of review of proceedings of administrative officers and agencies as may be provided by law.' " *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-2742, ¶ 9 (10th Dist.), quoting Ohio Constitution, Article IV, Section 4(B). *See also Yanega v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-5208, ¶ 10, citing *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001) ("[T]here is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute."); *State ex. rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 447, 452 (2000), citing *Kazmaier Supermarket, Inc. v. Toledo Edison Co.*, 61 Ohio St.3d 147, 153 (1991). Thus, jurisdiction over an administrative appeal is improper "unless granted by R.C. 119.12 *or other specific statutory authority*." (Emphasis added.) *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist. 1996).

{¶ 14} "Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." *Am. Restaurant &*

*Lunch Co. v. Glander*, 147 Ohio St. 147 (1946), paragraph one of the syllabus. Failure to comply with the procedural requirements of a statute that confers the right to appeal from a decision of an administrative agency deprives the reviewing court of subject-matter jurisdiction. *See, e.g.*, *Coleman v. Ohio Bd. of Nursing*, 2013-Ohio-2073, ¶ 11 (10th Dist.); *Calo v. Ohio Real Estate Comm.*, 2011-Ohio-2413, ¶ 39 (10th Dist.).

### C. Analysis

{¶ 15} "The General Assembly created the Oil and Gas Commission," *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 2013-Ohio-224, ¶ 13, and it enacted a comprehensive statutory scheme for review by the agency in Chapter 1509 of the Ohio Revised Code. Specifically, in R.C. 1509.36 and 1509.37, the General Assembly provided the procedure to be followed in appealing a decision of the commission. Pursuant to the statutory language, any party seeking to appeal to the common pleas court from an order of the commission must comply with the filing requirements of R.C. 1509.37.

{¶ 16} Here, the trial court found it lacked jurisdiction to review the commission's order because AWMS did not perfect its administrative appeal in the manner prescribed by R.C. 1509.37. Specifically, AWMS did not file a copy of its notice of appeal with the common pleas court within 30 days after receiving notice of the commission's order. On appeal, AWMS argues we should liberally construe the procedural requirements of R.C. 1509.37 and find that, because its notice of appeal was timely filed **with the commission**, its appeal was perfected under R.C. 1509.37. We disagree.

{¶ 17} "[T]here is no need to liberally construe a statute whose meaning is unequivocal and definite." *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.*, 69 Ohio St.3d 521, 525 (1994). We believe it is clear from the statute's own language that the 30-day filing requirement applies to both the notice of appeal and a copy of the notice filed with the court. *See, e.g.*, *Nibert v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio St.3d 100, 102 (1998) (construing similar language in R.C. 119.12 to find that the 15-day filing requirement of that statute applies to both the notice of appeal and the copy of the notice filed with the court). R.C. 1509.37 states that "[a]ny party desiring to so appeal shall file with the commission a notice of appeal designating the order appealed from. . . . A copy of the notice also shall be filed by appellant with the court and shall be mailed or otherwise delivered to appellee." It then states that such "***notices***" "shall be filed and mailed or otherwise delivered within thirty

days after the date upon which appellant received notice from the commission." (Emphasis added.)  R.C. 1509.37.

{¶ 18}  In construing a statute, R.C. 1.42 requires that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Taken in its most logical context, the plural "notices" in R.C. 1509.37 encompasses both the notice of appeal and the copy of the notice of appeal referred to in the preceding sentences. *See, e.g.*, *Nibert* at 102.

{¶ 19}  Since it is undisputed that AWMS failed to file a copy of the notice of appeal with the trial court within the 30-day period, as required by R.C. 1509.37, the trial court was without jurisdiction to hear the matter and properly dismissed the appeal.  For this reason, we overrule AWMS's sole assignment of error.

## III. CONCLUSION

{¶ 20}  Having overruled AWMS's sole assignment of error, we affirm the October 31, 2024 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON, P.J. and MENTEL, J., concur.