DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the April 10, 2007 judgment of the Lucas County Court of Common Pleas, Juvenile Division, which terminated the parental rights of appellant, Jamie N., and granted permanent custody of her children, Jordan H. and Jasmine H., to Lucas County Children's Services ("LCCS"). Appellant has raised the following assignment of error for our consideration: *Page 2 
 {¶ 2} "Assignment of Error No. 1: The trial court abused its discretion and denied appellant due process when it denied appellant's motion for continuance."
 {¶ 3} Appellant, Jamie N., is the natural mother of Jordan H., born in 2002, and Jasmine H., born in 2003. On June 29, 2006, LCCS filed a complaint in dependency and neglect alleging that Jamie, and the children's natural father, Jason H.,[1] have a history of cocaine and alcohol abuse and have a history of domestic violence. The complaint stated that due to these issues, in 2003, a complaint had been filed with regard to Jordan; Jordan was found to be dependent and neglected. Following the completion of various services, Jordan was returned to appellant.
 {¶ 4} According to the June 2006 complaint, in February 2006, appellant relapsed and had not followed through with substance abuse treatment and the recommendation of a diagnostic assessment. Jason H. had successfully completed substance abuse treatment and domestic violence counseling; LCCS stated that it believed that it was in the children's best interest to award legal custody to Jason. Jason was awarded legal custody.
 {¶ 5} On August 31, 2006, LCCS filed an amended complaint alleging that, in violation of the safety plan, Jason allowed appellant into his home and that they used crack cocaine. The complaint requested that the children's paternal aunt be awarded legal custody; on September 1, 2006, the court granted the request. On September 25, 2006, the parties consented to findings of dependency and neglect regarding the children. *Page 3 
 {¶ 6} On December 1, 2006, LCCS filed a motion for permanent custody. The dispositional hearing was set for March 23, 2007. Prior to the start of the March 23, 2007 hearing, appellant's counsel requested a continuance. According to counsel, appellant, seven months pregnant, had been hospitalized the day before and that morning appellant's mother telephoned counsel and informed her that appellant was too ill to attend the hearing. Counsel attempted to contact appellant at the telephone number given by her mother (at a male's house), no one answered the telephone and she was not able to leave a message. The LCCS attorney and the guardian ad litem opposed the motion. The court denied the request for a continuance.
 {¶ 7} On April 10, 2007, the trial court awarded LCCS permanent custody. The court found that the children could not or should not be placed with appellant based upon the findings under R.C. 2151.414(E)(1), (2), (4), (10), and (16).[2] The court further found *Page 4 
that under R.C. 2151.414(D), the children are placed with a relative who wishes to adopt them, they are well-cared for, and they are receiving services for their behavior problems. Appellant timely filed a notice of appeal.
 {¶ 8} In appellant's sole assignment of error she contends that the trial court abused its discretion when it denied her motion for a continuance of the permanent custody hearing. Juv.R. 23 provides that "[continuances shall be granted only when imperative to secure fair treatment for the parties." It is well-settled that "[t]he grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." State v. Unger (1981), 67 Ohio St.2d 65, 67. An abuse *Page 5 
of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Parents have a fundamental liberty interest in the care, custody and management of their children. Santosky v. Kramer (1982),455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599; In re Murray (1990),52 Ohio St.3d 155, 157. Therefore, in a permanent custody proceeding, "parents must be provided with fundamentally fair procedures in accordance with the Fourteenth Amendment Due Process clause and Section 16, Article I of the Ohio Constitution." In the Matter of Elliot (June 25, 1993), 4th Dist. No. 92-CA-34. See, also, In the Matter of Vandale (June 20, 1993), 4th Dist. No. 92-CA-31. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" Unger, 67 Ohio St.2d at 67, quoting Ungar v.Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921.
 {¶ 10} At the start of the March 23, 2007 permanent custody hearing, the following discussion took place:
 {¶ 11} "MS. HIDALGO: Your Honor, I would like to request a continuance. I received a call from my client's mother this morning that Jamie is ill. She had checked into the Toledo Hospital yesterday. She was seven months pregnant and was in labor in the special care unit. Yesterday I did verify that and talked to her. They discharged her *Page 6 
and she was planning to be here, and then at 7:27 I received a call saying that she was too ill to appear today.
 {¶ 12} "* * *.
 {¶ 13} "THE COURT: For clarification, Ms. Hidalgo, information you received was not via your client; is that correct?
 {¶ 14} "MS. HIDALGO: Your Honor, yesterday I did talk to my client at Toledo Hospital. I was attempting to verify that she was actually there. Information put me through to the nurses station, and they put me directly through to Jamie, and at that point she was being discharged. This morning she did not call me, her mother did. Her mother gave me a number for Jamie at Jake's home. I have attempted to call Jake's home twice since 7:30 and get no answer, and there is no voice mail."
 {¶ 15} "THE COURT: All right. So the conversation that you had with Jamie yesterday was in — from her directly was that she was being discharged from the hospital and you informed her of this hearing today; is that correct?
 {¶ 16} "MS. HIDALGO: Yes, Your Honor.
 {¶ 17} "THE COURT: You have no further information beyond that other than a phone call from another person?
 {¶ 18} "MS. HIDALGO: That is correct, Your Honor.
 {¶ 19} "* * *.
 {¶ 20} "THE COURT: * * *. The request for continuance is denied." *Page 7 
 {¶ 21} Upon review of the facts of this case, we acknowledge that there are similarities between the present facts and the facts in our decision captioned In the matter of: Edward M. and Timothy M., 6th Dist. Nos. L-04-1282, L-04-1304, 2005-Ohio-3354. In Edward M., just prior to the start of the permanent custody hearing, the court was informed that the children's father had been hospitalized for chest pains and breathing difficulties. Id., ¶ 17. The court denied counsel's request for a continuance without waiting to hear how long the father's doctors thought he would be hospitalized. Id. Reversing the denial of the continuance, this court noted that the father had always appeared for scheduled hearings, never asked for a continuance, and attended all scheduled visits with his children except when he was hospitalized. Id., ¶ 25. We then held that:
 {¶ 22} "Because [the father] demonstrated cooperation with the court and counsel throughout these proceedings and because his absence from the final hearing was unintentional and beyond his control, we find that the trial court's refusal to grant a continuance, particularly given that all other parties except for the guardian ad litem agreed that a continuance was warranted, was unreasonable and an abuse of discretion." Id., ¶ 27.
 {¶ 23} In the present case, unlike Edward M, the record demonstrates that appellant was not hospitalized on the date of the hearing and that her attorney, as of their last conversation, believed that appellant would attend the hearing. Appellant's counsel was notified that appellant was "ill" by another individual and was informed that she was *Page 8 
staying at a male's house. Further, both the LCCS attorney and the guardian ad litem opposed the motion. Finally, appellant had not been overly cooperative with the court in that she failed to appear at other scheduled hearings and neither appellant's attorney nor the court was able to locate her for several months.
 {¶ 24} Based on the foregoing, we cannot say that the trial court abused its discretion when it denied appellant's motion for a continuance. Appellant's assignment of error is not well-taken.
 {¶ 25} On consideration whereof, we find that substantial justice was done the party complaining and that the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerks' expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR.
[1] Jason H. is not a party to this appeal.
[2] These provisions provide:
"(E) In determining at a hearing * * *whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent: "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *.
"(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code;
"* * *.
"(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
"* * *.
"(10) The parent has abandoned the child.
"* * *.
 "(16) Any other factor the court considers relevant." *Page 1