MARY J. BOYLE, J.:
{¶ 1} Defendant-appellant, Ohio Department of Job and Family Services ("ODJFS"), appeals from the Cuyahoga County Common Pleas Court's decision remanding an administrative appeal by plaintiff-appellee, Leonard Clark. On appeal, ODJFS raises one assignment of error for our review:
Because Mr. Clark's agency-level appeal request was untimely, the lower court erred by failing to either affirm the Administrative Appeal Decision, which dismissed Mr. Clark's administrative appeal request, or dismiss Mr. Clark's appeal to court for failure to exhaust administrative remedies.
{¶ 2} We find merit to ODJFS's assignment of error and reverse and remand for the common pleas court to dismiss Clark's appeal.
I. Procedural History and Factual Background
{¶ 3} Clark applied for Medicaid benefits with ODJFS in February 2015. Clark was a resident of Walton Manor, a nursing home, and sought the benefits to pay for the cost of care. On June 8, 2015, however, ODJFS denied Clark's application, finding *1240 that his resources exceeded the maximum allowed for eligibility. Clark appealed ODJFS's denial, but ODJFS overruled Clark's appeal on September 1, 2015.[1] Attached to ODJFS's state hearing decision was a notice, explaining the decision as well as the formal steps that Clark needed to take if he disagreed with the decision and wanted to file an appeal. Specifically, the notice stated, "Your written request must be received by the Bureau of State Hearings within 15 calendar days from the mailing date of this notice."
{¶ 4} After the hearing, but before the appeal deadline passed, the nursing facility policy administrator for the Ohio Department of Medicaid, Cheryl Guyman, emailed Walton Manor, informing the staff member in charge of Clark's case that ODJFS's denial of benefits was improper. Guyman stated, "The hearing officer is not basing his decision on the most recent CMS guidance which is in the State Medical Director Letters. You need to request an Administrative Appeal Request by email or phone." Unfortunately, when the staff member tried to forward this information to Clark's attorney, she sent it to the incorrect email address. As a result, Clark's attorney did not receive it until September 18, 2015. Upon receiving this information, Clark's counsel and Walton Manor appealed the administrative decision on behalf of Clark on September 18, 2015.
{¶ 5} On September 22, 2015, ODJFS dismissed Clark's request as untimely. Clark appealed to the Cuyahoga County Court of Common Pleas, contesting the dismissal as error. The court determined that Clark's "request for an administrative appeal with the Ohio Department of Job and Family Services was improperly denied as being untimely" and remanded the appeal to ODJFS for a hearing on the merits in accordance with the correct eligibility criteria. On April 6, 2017, ODJFS appealed the lower court's decision to this court.[2]
II. Law and Analysis
A. Standard of Review
{¶ 6} "[A] recipient of assistance from a family services program may appeal a decision of the ODJFS to the common pleas court, pursuant to R.C. 119.12." Grill v. Ohio Dept. of Job & Family Servs. , 9th Dist. Summit No. 03CA0029-M, 2003-Ohio-5780, 2003 WL 22439752, ¶ 12 (" Grill I "). R.C. 119.12, which governs administrative-agency appeals, states that "the court may affirm the order of the agency complained of in the appeal it if finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence[.]"
{¶ 7} If a party appeals the common pleas court's judgment, the appellate court "review[s] and determine[s] the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record." R.C. 119.12(M). On appeal, we determine *1241 "only whether the trial court abused its discretion." Brown v. Ohio Dept. of Job & Family Servs. , 8th Dist. Cuyahoga No. 92008, 2009-Ohio-1096, 2009 WL 633690, ¶ 11, citing Pons v. Ohio State Med. Bd. , 66 Ohio St.3d 619, 614 N.E.2d 748 (1993) ; see also Notarian v. Ohio Dept. of Human Servs. , 8th Dist. Cuyahoga No. 77032, 2000 WL 1738351, *2-3 (Nov. 22, 2000) ; Grill I at ¶ 16.
B. Timeliness of Clark's Appeal
{¶ 8} ODJFS argues that the common pleas court erred when it found that Clark timely appealed ODJFS's denial of his Medicaid benefits. In response, although not raised in his brief, Clark argued at oral argument that, while his appeal was untimely, Ohio Adm.Code 5101:6-8-01(E)(1) gives ODJFS the discretion to accept untimely filed administrative appeals.
{¶ 9} Ohio Adm.Code 5101:6-8-01(C)(4) states that a request for an administrative appeal "must be received by the office of legal services, ODJFS, within fifteen calendar days from the date the decision being appealed was issued."[3] "[T]he Ohio Supreme Court has established that the deadline is 15 days and there is no ability to construe [the statute] liberally." B.B. v. Ohio Dept. of Job & Family Servs. , 9th Dist. Summit No. 22218, 2005-Ohio-340, 2005 WL 236184, ¶ 10, citing Nibert v. Ohio Dept. of Rehab & Corr. , 84 Ohio St.3d 100, 702 N.E.2d 70 (1998). The Ninth District Court of Appeals has held that Ohio Adm.Code 5101:6-8-01(C)(4) requires strict compliance. See B.B. at ¶ 10 (affirming the dismissal of appellant's administrative appeal because the agency received their request one day after the deadline); Grill v. Ohio Dept. of Job & Family Servs., 9th Dist. Summit No. 02CA0039-M, 2003-Ohio-1139, 2003 WL 1041343, ¶ 23 (" Grill II ") (reversing the common pleas court's remand because the appellee's request was received three days late).
{¶ 10} Yet, as Clark correctly pointed out at oral argument, Ohio Adm.Code 5101:6-8-01(E)(1)(c) provides that "[a]n administrative appeal request may be dismissed because * * * [i]t is not timely, as defined by paragraph (C)(4)." In other words, ODJFS has the discretion to dismiss or not dismiss an appeal filed after the 15-day deadline.
{¶ 11} Corresponding with that point, Clark argues that subsections (C)(4) and (E)(1) create a conflict that must be resolved in his favor. A similar argument was raised in Stoyer v. Ohio Dept. of Job & Family Servs. , 10th Dist. Franklin No. 08AP-1118, 2009-Ohio-2658, 2009 WL 1637684. There, the Tenth District Court of Appeals reviewed a nearly identical case, where the appellant appealed ODJFS's decision one day after the 15-day deadline. ODJFS dismissed the appeal as untimely and, on appeal, the common pleas court affirmed the dismissal. On review, the Tenth District noted that "[t]he Ninth District Court of Appeals has concluded that if the request is even one day late * * * the appeal must be dismissed." Id. at ¶ 9, citing Grill II, 9th Dist. Summit No. 02CA0039-M, 2003-Ohio-1139, 2003 WL 1041343, and B.B. The Tenth District noted, however, that Ohio Adm.Code 5101:6-8-01(C)(4) and (E)(1), "when read in conjunction[,]" may infer "that timeliness of the request is within the sound discretion of the agency." Id. at ¶ 11. Nevertheless, the Tenth District ultimately found that "it [was] uncontested that Stoyer did not mail his notice until after the time period had *1242 run." As a result, the court concluded "that the court of common pleas did not abuse its discretion in affirming the dismissal." Id.
{¶ 12} Subsection (C)(4) requires that ODJFS receive an administrative appeal within 15 days after the decision being appealed. Subsection (E)(1) gives ODJFS the discretion to dismiss an appeal if it does not comply with subsection (C)(4)'s requirements. Those two provisions do not conflict-one defines the time limits of appealing an administrative decision, and the other governs ODJFS's power to accept or dismiss an appeal based on the timeliness or lack thereof.
{¶ 13} While Stoyer is instructive, we reach a different conclusion when applying Ohio Adm.Code 5101:6-8-01(C)(4) and (E)(1) to the facts of this case. Because the state hearing decision was issued on September 1, 2015, the Bureau of State Hearings had to receive Clark's request for an appeal by September 16, 2015. The evidence makes it clear-and the parties agree-that ODJFS did not receive Clark's request for an administrative appeal until September 18, 2015, two days after the September 16, 2015 deadline. Like Stoyer , Clark filed his administrative appeal after the deadline and ODJFS dismissed his appeal. Unlike Stoyer , however, the common pleas court in this case found that ODJFS's dismissal was not supported by reliable, probative, and substantial evidence and that Clark's appeal was timely. While the facts of this case certainly evoke sympathy for Clark, the evidence shows that his appeal was late, and under Ohio Adm.Code 5101:6-8-01, ODJFS's dismissal based on that late filing was a permissible use of its discretion. Further, our review is limited to the common pleas court decision finding ODJFS's dismissal as improper, and in light of the evidence presented, it is clear that the common pleas court abused its discretion.
C. Mistaken Good Faith
{¶ 14} In his brief, Clark also argues that his appeal was filed untimely because of the hearing officer's good-faith mistake and his representative's clerical error, and therefore, he should not be penalized. Although Clark's representative, not Clark, sent the request in late, that mistake is imputed to Clark. See Faulkner v. Integrated Servs. Network, Inc. , 8th Dist. Cuyahoga Nos. 81877 and 83083, 2003-Ohio-6474, 2003 WL 22861771, ¶ 22, citing GTE Automatic Elec., Inc. v. ARC Industries, Inc. , 47 Ohio St.2d 146, 351 N.E.2d 113 (1976) ("Ohio law recognizes that an attorney's neglect is imputed to his client."); In re Malone , 10th Dist. Franklin No. 03AP-489, 2003-Ohio-7156, 2003 WL 23024377, ¶ 31, quoting Weiss v. Indus. Comm. , 65 Ohio St.3d 470, 605 N.E.2d 37 (1992) ("The failure of an attorney to file a timely pleading 'should be imputed to the client.' "). Further, the late filing by Clark's representative does not constitute excusable neglect, which, when properly proven, excuses a party's critical mistakes. In re Malone , 10th Dist. Franklin No. 03AP-489, 2003-Ohio-7156, 2003 WL 23024377, ¶ 30 ("Attorney ignorance as to the filing deadlines provided under the court rules is insufficient to constitute excusable neglect[.]").
{¶ 15} All of this being said, this case is nothing short of unfair and dismaying. While we understand ODJFS's position on the appeal before us, we are nonetheless troubled by the fact that ODJFS exercised its discretion to dismiss Clark's appeal on a technicality instead of reviewing its prior decision that raised serious alarm within the Ohio Department of Medicaid.
{¶ 16} The Medicaid program was established to provide "federal financial assistance to States that choose to reimburse certain costs of medical treatment for *1243 needy persons." Harris v. McRae , 448 U.S. 297, 301, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980). In Ohio, ODJFS is assigned to supervise Medicaid. Rodefer v. McCarthy , 2015-Ohio-3052, 36 N.E.3d 221, ¶ 34. In this case, ODJFS has left Clark, a person in need seeking financial assistance for his medical treatment, without a reliable method of paying for his medical care. While, unfortunately, our hands are tied, and we are left with no other option but to sustain ODJFS's assignment of error, there are no winners in this case.
{¶ 17} ODJFS's assignment of error is sustained, and the judgment of the Cuyahoga County Court of Common Pleas is reversed. This case is remanded to the lower court to affirm ODJFS's dismissal of Clark's administrative appeal.
TIM McCORMACK, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR

The administrative-appeal process is explained in Rodefer v. McCarthy , 2015-Ohio-3052, 36 N.E.3d 221, ¶ 35 : "R.C. 5101.35 authorizes an administrative appeal from the ODJFS decision. An appellant is first entitled to a state hearing by the ODJFS. R.C. 5101.35(B). That decision may be appealed to the director of the ODJFS. R.C. 5101.35(C). An appellant who disagrees with the administrative appeal decision of the director (or the director's designee) may appeal the decision to the court of common pleas, pursuant to R.C. 119.12. R.C. 5101.35(E)." See also George v. Ohio Dept. of Human Services , 10th Dist. Franklin No. 04AP-351, 2005-Ohio-2292, 2005 WL 1109658, ¶ 32.

ODJFS also filed a motion to stay execution of the lower court's judgment pending appeal, and the lower court granted the motion.

"[T]he statute requires receipt and merely depositing the request in the mail is not the same thing." B.B. at ¶ 10, citing Townsend v. Bd. of Bldg. Appeals , 49 Ohio App.2d 402, 361 N.E.2d 271 (9th Dist.1976). Therefore, "the request must be received within 15 days, or else be dismissed." B.B. at ¶ 6, citing Grill I.