[Cite as *Townsend v. Kettering*, 2024-Ohio-365.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

DARRIN TOWNSEND                    :
                                   :
    Appellant                      :    C.A. No. 29853
                                   :
v.                                 :    Trial Court Case No. 2019 CV 02924
                                   :
CITY OF KETTERING, et al.          :    (Civil Appeal from Common Pleas
                                   :    Court)
    Appellees                      :
                                   :

. . . . . . . . . . .

O P I N I O N

Rendered on February 2, 2024

. . . . . . . . . . .

JOHN R. FOLKERTH, JR., Attorney for Appellant

DAWN M. FRICK and MICHAEL D. RICE, Attorneys for Appellees

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant, Darrin Townsend, appeals from a judgment dismissing his employment discrimination claims against Appellees, the City of Kettering ("Kettering"), Fire Chief Thomas Butts, and Assistant Fire Chief Michael Miller (collectively "Appellees"). According to Townsend, the trial court abused its discretion by dismissing his complaint for failure to prosecute and by denying two continuance motions that Townsend filed.

For the reasons discussed below, we find no abuse of discretion on the trial court's part. Accordingly, the judgment of the trial court will be affirmed.

## I.   Facts and Course of Proceedings

{¶ 2} As part of the factual background, we will include some information about a 2017 complaint against the same parties that Townsend filed and then dismissed under Civ.R. 41(A)(1), without prejudice.

{¶ 3} On September 13, 2017, Townsend filed an action against Appellees, alleging that they had racially discriminated against him in connection with a 2016 promotional process and had also retaliated against him because he had filed a complaint with the Ohio Civil Rights Commission ("OCRC").   *See Townsend v. City of Kettering*, Montgomery C.P. No. 2017 CV 4250.   Townsend was represented in that action by his current counsel, John Folkerth, Jr.

{¶ 4} Trial was initially set for September 2018, but the trial date was vacated by the parties' agreement in June 2018.   On July 31, 2018, the court set trial for May 7, 2019, as well as a February 6, 2019 deadline for filing summary judgment motions. Consistent with that deadline, Appellees filed a motion for summary judgment on February 6.   Townsend then dismissed his action without prejudice on February 18, 2019.

{¶ 5} On June 21, 2019, Townsend re-filed the discrimination action against Appellees, making the same claims about racial discrimination in the 2016 promotional process and retaliation for filing the OCRC complaint.   Folkerth again represented

Townsend. The case was assigned to the same judge who had presided over the prior action, and on August 29, 2019, the judge set trial for April 21, 2020, and a discovery deadline of March 23, 2020. In early December 2019, Folkerth asked the court to modify the pretrial order and continue the April 2020 trial date because Folkerth had inadvertently scheduled another trial for the same date. Counsel for Appellees stated that she did not object to the continuance.

{¶ 6} The court agreed to modify the order and, after holding a scheduling conference, set an August 25, 2020 trial date. The court did not extend the other deadlines. Folkerth then filed a motion on April 30, 2020, seeking leave to take depositions after the discovery deadline had expired. At that time, Folkerth noted that in the press of preparing for other trials, he had not properly docketed the discovery deadline. Appellees opposed the motion and, before the court acted, Folkerth withdrew the motion.

{¶ 7} Appellees then filed a summary judgment motion on May 18, 2020, supported by the affidavit of Thomas Butts and Townsend's deposition, which had been taken in the prior action. In response, Townsend filed a Civ.R. 56(F) motion asking for additional time so that he could take depositions of 12 former and current Kettering employees, including Butts and Miller. Townsend's reasons included counsel's inadvertent mistake regarding the discovery cut-off and the COVID-19 pandemic, which counsel assumed would require a continuance of the August 25, 2020 trial date. Townsend also asked that the August 2020 trial date be continued.

{¶ 8} On July 2, 2020, the court filed a decision sustaining the Civ.R. 56(F) motion

and setting a briefing schedule for the summary judgment motion. In its decision, the court remarked that, although Townsend had provided sufficient facts indicating why he could not file affidavits (primarily a lack of personal knowledge of what the 12 witnesses would testify to):

> Mr. Townsend's counsel lacked diligence in pursuing discovery, which goes beyond counsel merely improperly calendaring the discovery cutoff date. As noted by Defendants, this pending case is a re-filing of Case No. 2017 CV 4250. Opposition at p. 2; Case Information Sheet. Mr. Townsend does not dispute Defendants' assertion that since exchanging discovery in September 2018 in Case No. 2017 CV 4250, Mr. Townsend has not sought any other discovery, including requesting depositions of the twelve named witnesses whose identities and materiality Mr. Townsend has been aware of since at least September 2018.

Decision, Order and Entry Sustaining Plaintiff's Civ.R. 56(F) Motion (July 2, 2020), p. 6. However, the court also remarked that the August trial date would have to be vacated anyway, due to the pandemic and the need to try delayed criminal trials. The end result would be a new final pretrial order. *Id.* The court then sustained the motion and ordered Townsend to file a summary judgment response within 90 days. *Id.* at p. 7. Townsend's response, therefore, was due around October 2, 2020.

{¶ 9} On July 7, 2020, the court filed an order vacating the August trial date. Then, on August 14, 2020, the court filed a new final pretrial order, which set the following dates: trial to begin on April 27, 2021; a March 29, 2021 discovery deadline; and a January

18, 2021 deadline for filing summary judgment motions, with responses to be filed within 28 days after motions were filed.

{¶ 10} Townsend did not file his summary judgment response within 90 days as instructed by the court's briefing order (nor did he even file it within the later deadline, which would have been around February 16, 2021). However, on March 26, 2021, Townsend filed a motion to continue the April 2021 trial and to extend the time for responding to Appellees' summary judgment motion. In the motion, Folkerth noted that he had taken three depositions in late August 2020 and had scheduled three other depositions for November 5, 2020. Plaintiff's Motion to Reschedule Trial Date and Set Response Date to Defendants' Motion for Summary Judgment (Mar. 26, 2021), p. 1. Folkerth further said that the latter depositions could not be taken because he had had a serious bicycle accident on November 3, 2020, which caused him to have surgery and a seven-day hospital stay. While the depositions had been rescheduled to January 28, 2021, Folkerth's follow-up surgery on that date also required cancellation.

{¶ 11} In addition, Folkerth claimed he had interpreted the court's new pretrial order to mean that he had until 28 days after the January 2021 summary judgment deadline to file a response to Appellees' motion. *Id.* at p. 1-2. Due to his injury and extended recovery, Folkerth stated that he would be unable to withstand the rigors of an April trial and asked the court to again continue the trial and extend his time for replying to Appellees' May 2020 summary judgment motion. Although Appellees opposed the motion, the court vacated the trial on its own motion and set the matter for a scheduling conference. The next day, the court overruled Townsend's motion to continue as moot

and sustained his motion for an extension of time to respond to summary judgment. In its decision, the court noted that the case had "certainly had a tortured discovery history" and that "counsel's lack of diligence continued following the August 2020 depositions." Decision, Order and Entry Overruling Plaintiff's Motion to Continue the Trial as Moot and Sustaining Plaintiff's Motion for an Extension of Time (Apr. 9, 2021), p. 5. Nonetheless, because delay was caused in part by counsel's accident, and because the needed depositions had then been taken, the court allowed Townsend until May 4, 2021, to respond to the pending summary judgment motion. *Id.*

{¶ 12} On April 21, 2021, Folkerth filed another motion seeking an extension of time to reply to the summary judgment motion. According to Folkerth, he became ill on April 7, 2021, had been taken to the hospital by ambulance on April 13, had been hospitalized since then due to a severe infection related to his November 3, 2020 injury and surgery, and he would need treatment for six weeks after being released. The court then granted Folkerth until June 15, 2021, to respond to the motion for summary judgment. Folkerth filed his response to summary judgment on June 16, 2021, one day late (and 13 months after the motion was filed).

{¶ 13} After holding a pretrial conference in June 2021, the court set trial for March 1, 2022, and again extended the applicable deadlines. The court then overruled Appellees' summary judgment motion in January 2022, and Appellees timely appealed to our court (which meant the March 2022 trial could not go forward). In early August 2022, we affirmed the trial court's decision and remanded the case back to the trial court. *See Townsend v. Kettering*, 2022-Ohio-2710, 194 N.E.3d 457 (2d Dist.). By the time the

case returned to the trial court, the prior judge had retired, and a new judge had taken over the case. In September 2022, the court filed a pretrial order setting trial for April 4, 2023. The court also set other deadlines, including a March 6, 2023 discovery deadline, a March 9, 2023 deadline for exchanging trial materials, a March 20, 2023 deadline for filing pretrial statements, and a March 23, 2023 final pretrial conference.

{¶ 14} On March 9, 2023, Appellees filed their trial materials and exhibits, as ordered; Townsend did not. The next day, Townsend filed a request to continue the trial date and to allow further discovery. His reason was that Appellees had emailed exhibits on March 5, 2023, labeled Kettering001173-1400, that had never been disclosed. According to Townsend, these exhibits included "emails and memoranda discussing Capt. Townsend's performance, incidents involving his conduct, his training requests, and the decision not to promote him and his promotion in 2016 and 2017." Plaintiff's Motion to Reschedule Trial and Permit Discovery Regarding Defendants' Newly Disclosed Documents (Mar. 10, 2023), p. 2. In addition, Townsend stated that "Defendants have also produced financial documents relevant to Capt. Townsend's damages, notwithstanding that the Defendants deposed Capt. Townsend's expert Dr. Frasca on February 17 without providing him with the benefit of this information." *Id.*

{¶ 15} Townsend further noted that Appellees' reason for failing to provide these documents was that he had not requested them in this action. While acknowledging this, Townsend stressed that he did request such discovery in the prior action and assumed that Appellees had fully complied with discovery then. *Id.* As a result, he believed he had all discoverable items.

{¶ 16} On March 15, 2023, Appellees filed two documents: (1) an objection to Townsend's failure to produce trial materials by the court's deadline; and (2) a response to the motion to reschedule the trial. Essentially, Appellees' response to the motion was that Townsend had other access to various documents; Townsend's actions in this case had been dilatory; Townsend had failed to request discovery in the current case; and Appellees had no duty to supplement discovery requests from the prior case, since the requests had been overbroad and vague. Appellees also discussed in detail the items that had been previously produced to Townsend. Townsend did not file a pretrial statement as ordered.

{¶ 17} On March 22, 2023, the court denied Townsend's motion to continue the trial and reopen discovery and set a final pretrial conference for March 27, 2023. At the pretrial conference, the court ordered Townsend to file a pretrial statement and exhibit list by the close of business on March 28, 2023, and to respond to Appellees' motions in limine by March 31, 2023.

{¶ 18} During the final pretrial conference on March 27, 2023, which was recorded, the court began by asking Folkerth why he had not filed a pretrial statement and list of exhibits. Final Pretrial Transcript (Mar. 27, 2023) ("Pretrial Tr."), 5. In response, Folkerth said:

Well, your Honor, I'm not ready to go to trial. I've read your decision, and I'm aware of all the contingencies. These go back to health issues that I had and have been having, and I'm not through them yet. And I thought I would be. I thought I was. But before I was confronted with the reality

of actually going forward with this trial, and I'm just not physically able to do it.

So I know we can't leave this case ongoing, and what I would propose to do is to retain co-counsel to work as trial counsel on the case so it can go forward.

*Id.*

**{¶ 19}** While expressing sympathy for Folkerth's health issues, the court noted the delay and number of continuances that had occurred. *Id.* at 8-10. When Folkerth again stressed his accident and ensuring health issues, the court remarked that it did not understand why Folkerth had failed to obtain co-counsel if he were going through issues of such gravity. *Id.* at 11-12. The court also asked why Folkerth had not mentioned his health issues in the motion for continuance. Folkerth's response was that he "would rather not have raised them" and that he was under the belief the court would grant the continuance motion based on Appellees' "cheating" on discovery. *Id.* at 22. At that point, the court made a specific finding that Appellees had not cheated on discovery during this case and also stressed there was "no evidence that the defendants have hidden any documents or prevented disclosure of any documents." *Id.* at 23.

**{¶ 20}** Furthermore, when given an opportunity to identify documents he had requested during the 2017 case that had not been disclosed, Folkerth was only able to identify two emails – one from February 2014 and another from November 2016 (which had actually been previously produced). *Id.* at 30-32.

**{¶ 21}** During the final pretrial conference, Folkerth also stated a number of times

that he had not prepared for trial and did not intend to. For example, when the court asked if he had read the motions in limine that Appellees had filed, Folkerth said he had not read all of them, because "I can't go to trial on the 4th [of April]." *Id.* at 19. When the court asked why Folkerth still did not file a pretrial statement and did not disclose exhibits after the court had denied his March 10, 2023 continuance motion, Folkerth responded, "Your Honor, you won't be getting anything from me. It doesn't make sense for me to give you something when I can't go to trial on April 4th. I – for me to give you that stuff now, what difference would it make? I still couldn't do the trial on April 4th." *Id.* at 21.

{¶ 22} After a detailed discussion, the court stated that the trial was going forward on April 4, 2023, and that Folkerth needed to file the pretrial statement and disclosure of exhibits by the close of business on March 28, 2023. *Id.* at 34-35, 41 and 47. The court also instructed Folkerth that he must respond to the motions in limine by March 31, 2023, to allow the court time for review them before trial. *Id.* at 38-39.

{¶ 23} Townsend did not file the pretrial statement or exhibit list as ordered. Instead, on March 28, 2023, Townsend filed a notice of appeal in our court regarding the court's denial of the continuance motion and the oral order the court made at the final pretrial conference. The appeal was docketed as Montgomery C.A. No. 29756. We promptly filed a show cause order, stating that no final appealable order appeared to exist. As a result, we ordered Townsend to respond to the show cause order by 12:00 p.m. on March 31, 2023. *See Townsend v. City of Kettering*, 2d Dist. Montgomery No. 29756 (Order, Mar. 29, 2023), p. 2. On May 29, 2023, Appellees filed an emergency motion to

dismiss the appeal and asked for sanctions. We then filed an order on March 30, 2023, requiring Townsend to respond to Appellees' motion concurrently with his response to our show cause order. Our order reiterated that Townsend was required to file his response by 12:00 p.m. on March 31. *See Townsend v. City of Kettering*, 2d Dist. Montgomery No. 29756 (Order, Mar. 30, 2023), p. 1.

**{¶ 24}** Townsend failed to timely file a response to the show cause order and Appellees' emergency motion. As a result, we found our show cause order had not been satisfied and dismissed the appeal for lack of a final appealable order on March 31, 2023. We also overruled Appellees' emergency motion as moot. *See Townsend v. City of Kettering*, 2d Dist. Montgomery No. 29756 (Decision & Final Judgment Entry, Mar. 31. 2023), p. 1-2. We also found Townsend's notice of appeal frivolous and ordered him to pay Appellees reasonable expenses of $350 for attorney fees and costs. *Id.* at p. 2.

**{¶ 25}** After our decision was filed, Townsend filed an untimely response to the show cause order and emergency motion on March 31, 2023. On the same day, Appellees filed a motion in the trial court, asking the court to dismiss Townsend's case for lack of prosecution. This was based on Townsend's failure to file the pretrial statement and exhibit list as ordered and his choice instead to file a notice of appeal. Also that day, Appellees filed objections to Townsend's calling any witnesses or introducing any documents based on Townsend's failure to disclose materials he intended to rely upon at trial.

**{¶ 26}** Townsend also failed to respond to the motions in limine on March 31, 2023, as the trial court had ordered. Instead, after the close of business that day, Townsend

filed a motion for an extension of time to respond to the motions in limine and to submit trial materials and a pretrial statement. As grounds, Townsend stated that his counsel was unable to comply with the court's orders "[d]ue to high levels of stress and anxiety." Plaintiff's Motion for Extension of Time to Respond to Motions in Limine and Submit Trial Materials and a Pretrial Statement (Mar. 31, 2023), p. 1. Appellees responded to this motion on April 3, 2023. On the same day, the trial court denied Townsend's extension motion and granted Appellees' motion in limine in part, holding that Townsend would be precluded from presenting any exhibits or testimony from witnesses not previously disclosed, with the exception of testimony from Townsend and his expert, Dr. Frasca, who was timely disclosed. Order Granting in Part Defendant's Motion in Limine to Preclude Undisclosed Evidence/Order Denying Plaintiff's Motion for Extension of Time to File Trial Materials (Apr. 3 2023), p. 4.

{¶ 27} On the morning of April 4, 2023, the parties and their counsel appeared for trial. Trial Transcript ("Trial Tr."), 3. At that time, Folkerth said he was not competent to proceed and asked for a continuance so that he could obtain co-counsel for Townsend. *Id.* at 4. Again, the court asked Folkerth why he had not raised his health or competency in the March 10, 2023 motion for a continuance. Folkerth's response was that he had believed at the time he could try the case, and what had changed was his realization that the trial was going forward. *Id.* at 5.

{¶ 28} When the court asked Folkerth why he had not filed a motion to withdraw as counsel, Folkerth said he was not aware that was an option but was willing to do it now. *Id.* at 5-6. After further discussion, which included Folkerth's refusal to go forward

and his client's statement that he was unable to proceed pro se, the court gave notice of its intent to dismiss the case for failure to prosecute. *Id.* at 11-12. At that point, the court identified dates for the parties to respond to the notice of intent and set a scheduling conference for May 22, 2023. *Id.* at 12-16. The court then dismissed the jury.

{¶ 29} On April 4, 2023, Townsend filed a motion for reconsideration of our dismissal of the appeal. The motion stated that that "[w]hile Counsel [Folkerth] observed that Capt. Townsend's response was due March 31, he inexplicably failed to note the 12:00 p.m. deadline and acted on the unfounded perception that Capt. Townsend's response was due by close of business." Application for Reconsideration (Apr. 4, 2023), p. 1. Therefore, according to the motion, Folkerth filed the untimely response based on his "subjective interpretation." *Id.* Appellees responded to this motion the same day and supplemented their response on April 12, 2023. We then denied the motion for reconsideration. *See Townsend v. Kettering*, 2d Dist. Montgomery No. 29756 (Order, Apr. 17, 2023).

{¶ 30} Returning to the trial court docket, on April 7, 2023, Appellees supplemented their motion to dismiss the action for lack of prosecution. On April 21, 2023, Townsend responded, and Appellees filed a reply on May 1, 2023. Subsequently, on May 4, 2023, Townsend filed a notice of appearance of a trial attorney (Stephen Smith), and Folkerth was designated as co-counsel. This was a month after the scheduled trial.

{¶ 31} The court later rescheduled the conference to June 30, 2023. On June 19, 2023, Townsend filed a motion seeking leave to file all the materials that had not been

filed. He attached copies of all these items, including: responses to several motions in limine that Appellees had filed; responses to Appellees' objections to undisclosed trial materials; objections to Appellees' trial materials; a pretrial statement; disclosure of trial exhibits (142 documents); proposed jury instructions; and objections to Appellees' jury instructions.

{¶ 32} On June 22, 2023, the court filed a decision granting Appellees' motion to dismiss the action for lack of prosecution. The court also overruled Townsend's motion for leave to file as moot. The next day, the court filed an order dismissing the case for lack of prosecution. Townsend then timely appealed from the court's order.

{¶ 33} With these facts in mind, we will consider Townsend's assignments of error.

## II. Failure to Prosecute

{¶ 34} Townsend's first assignment of error states that:

The Trial Court Erred by Dismissing Capt. Townsend's Complaint for

Failure to Prosecute on June 23, 2023.

{¶ 35} Under this assignment of error, Townsend contends that heightened scrutiny applies to dismissals for failure to prosecute, and the trial court erred by failing to consider less drastic measures before dismissing his case.

{¶ 36} Civ.R. 41(B)(1) governs involuntary dismissals and provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." "Notice of intention to dismiss with prejudice gives the non-

complying party one last chance to obey the court order in full." *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986). The Supreme Court of Ohio has held that "[f]or purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply * * * when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), syllabus.

{¶ 37} "The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. * * * Therefore, the trial court's dismissal with prejudice will not be reversed unless it constitutes an abuse of discretion." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982), citing *Lopez v. Aransas Cty. Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

{¶ 38} " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support" it. *Id.*

{¶ 39} "The extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the

circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 70, 479 N.E.2d 879 (1985). "In other words, dismissal is reserved for those cases in which ' " 'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' " ' " *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 712 N.E.2d 729 (1999), quoting *Quonset Hut,* 80 Ohio St.3d at 48, 684 N.E.2d 319. (Other citation omitted.)

{¶ 40} Consistent with Townsend's position, while ' 'reviewing courts espouse an ordinary "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.' " *Id.*, quoting *Jones v. Hartranft,* 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997). This is due to the " 'basic tenet of Ohio jurisprudence that cases should be decided on their merits.' " *Id.*, quoting *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).

{¶ 41} Having reviewed the record here in detail and with the required caution and scrutiny, we cannot find any abuse of discretion in the dismissal of the action. First, Townsend first received specific notice about potential for dismissal when Appellees filed a motion to dismiss for lack of prosecution before trial. Knowing of this, Townsend and his attorney refused to proceed with trial. At that time, the court notified them of its intention to dismiss the case, and Townsend was then given the opportunity to respond. Therefore, no error or abuse of discretion occurred in this regard.

**{¶ 42}** Folkerth argues that his actions did not show disregard or contempt for the judicial system and that his continuance requests did not unreasonably delay the trial. Appellant's Brief, p. 8 and 10. We disagree.

**{¶ 43}** "In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action." *Sazima*, 86 Ohio St.3d at 158, 712 N.E.2d 729. Here, the trial court said during the final pretrial conference that it did not want to penalize Townsend for dismissing the previous action. Pretrial Tr. at 11. However, the court also noted that after the 2017 case had been dismissed, it was "almost immediately refiled in 2019 and there has still been still a five-year turnaround for all of this to be done." *Id.* As indicated above, the court expressed sympathy for Folkerth's medical issues but could not understand why co-counsel had not been obtained if these issues were of such gravity. *Id.* at 12. In this vein, the court stated, "This is delay, delay, delay, delay. There's no – absolutely no reason for a case of this nature to be pending for five years and still have you missing deadlines as routine as a pretrial statement and disclosure of exhibits." *Id.*[1]

**{¶ 44}** The record before us, as outlined in the statement of facts, shows a distinct pattern of irresponsibility and disregard for the court system in both the trial court and our court, where Folkerth filed a frivolous appeal on the eve of the April 2023 trial and was sanctioned. Even in our court, Folkerth failed to comply with a filing deadline that our

---

[1] While the 2019 case had been pending only four years, rather than five, the court's comment was otherwise well-taken. And, in fact, Townsend's claims had been in court for nearly six years (2017 to 2023) before being dismissed.

show cause order clearly and unambiguously outlined. We then repeated the deadline in a subsequent order.

{¶ 45} According to the record, Townsend sent out one set of interrogatories in the 2017 action and conducted no depositions in that action, even though he knew of Appellees' potential witnesses since September 2018, when they produced their responses to Townsend's first and only set of interrogatories. *See* Interrogatory Responses attached to Defendants City of Kettering, Chief Thomas Butts and Assistant Chief Mike Miller's Memorandum In Opposition to Plaintiff's Motion to Reschedule Trial and Permit Additional Discovery (Mar. 15, 2023). After the action was refiled in June 2019, Folkerth conducted only three depositions before his bicycle accident occurred in November 2020.

{¶ 46} There is no question that Folkerth sustained injury and had some ongoing medical issues. However, there was more than ample time between his injury and the April 2023 trial date (nearly two-and-a-half years) for co-counsel to be retained. Alternatively, Folkerth could have asked to withdraw as counsel – something he never attempted to do. Folkerth also never mentioned his medical problems when he asked for a continuance shortly before the trial that was scheduled for April 4, 2023. And his statement during the final pretrial conference that he did not realize he had an option to withdraw was inexplicable, coming from an attorney who, by his own statement, had been practicing law for 40 years. Appellant's Brief at p. 10.

{¶ 47} "Generally, the attorney-client relationship is consensual, subject to termination by acts of either party." *Columbus Credit Co. v. Evans*, 82 Ohio App.3d 798,

804, 613 N.E.2d 671 (10th Dist.1992). However, attorney withdrawal is also governed by the Ohio Rules of Professional Conduct.

{¶ 48} Prof.Cond.R. 1.16(a) specifically states that "[s]ubject to divisions (c), (d), and (e) of this rule, a lawyer *shall* not represent a client or, where representation has commenced, *shall* withdraw from the representation of a client if any of the following applies: * * * (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." (Emphasis added.) In this situation, withdrawal is mandatory. *E.g., State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 28 (noting the court's repeated recognition that "use of the term 'shall' in a statute or rule connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary"). There is no such intent in Prof.Cond.R.. 1.16(a). If Folkerth's physical condition was as he suggests, he would have been required to withdraw. Again, he made no attempt to do so.

{¶ 49} Prof.Cond.R. 1.16(b) allows discretionary withdrawal by stating that, "[s]ubject to divisions (c), (d), and (e) of this rule a lawyer *may* withdraw from the representation of a client if any of the following applies: (1) withdrawal can be accomplished without material adverse effect on the interests of the client." (Emphasis added.) Again, Folkerth never attempted to withdraw.

{¶ 50} As indicated, the ability to withdraw, whether mandatory or discretionary, is conditioned on other divisions of the rule. For example, there is a need to obtain the permission of a tribunal if required by the tribunal's rules. Prof.Cond.R. 1.16(c). Similarly, an attorney must "take steps, to the extent *reasonably* practicable, to protect a

client's interest. The steps include giving due notice to the client [and] allowing *reasonable* time for employment of other counsel." (Emphasis sic.) Prof.Cond.R. 1.16(d).

{¶ 51} In his brief, Townsend concedes the trial court's correct observation that an attorney's neglect is generally imputed to a client. Appellant's Brief at p. 10. However, Townsend argues that Folkerth's inability to proceed with trial was the effective equivalent of a withdrawal, and the court should have granted a continuance under general principles, which indicate that courts abuse their discretion by refusing to grant continuances where a party's attorney withdraws on or near the time of trial. *Id.* at p. 10-11, citing *Lowe v. Lowe*, 2d Dist. Montgomery No. 9544, 1985 WL 4758 (Dec. 23, 1995).

{¶ 52} In *Lowe*, we did say that "where the trial court has refused to grant a continuance in order for a party to obtain a new counsel and the party's counsel has withdrawn on or near the day of trial, the appellate courts have found an abuse of discretion." *Id.* at *2. Unlike the present case, however, the attorney in *Lowe* both asked and was permitted to withdraw on the day of trial. *Id.* at *1. There were also other circumstances, including the fact that the client had hired and paid an out-of-state, specialized attorney to appear at trial. However, that attorney notified local counsel only a few days before trial that he would not appear. *Id.* On these facts, we concluded that the trial court should have granted a continuance. Again, Folkerth made no motion to withdraw, and he continued to represent Townsend until the case was dismissed months later.

{¶ 53} In adopting the federal rule imputing an attorney's neglect to a client for

purposes of relief under Civ.R. 60(B), the Supreme Court of Ohio noted " '[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer[/]agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." ' " *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 152, 351 N.E.2d 113 (1976), quoting *Link v. Wabash RR. Co.*, 370 U.S. 626, 633-634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

**{¶ 54}** Even in situations where Civ.R. 60(B) motions are not involved, "Ohio law recognizes that an attorney's neglect is imputed to his or her client." *Georgin v. Georgin*, 2022-Ohio-4328, 204 N.E.3d 1, ¶ 19 (12th Dist.), citing *Clark v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-9173, 101 N.E.3d 1238, ¶ 14 (8th Dist.) (imputing prior counsel's error in failing to authenticate police report to appellant, and refusing to consider police report when evaluating whether the trial court erred in granting summary judgment against appellant). *See also Ciganik v. Kaley*, 11th Dist. Portage No. 2004-P-0001, 2004-Ohio-6029, ¶ 25 ("knowledge and behavior of an attorney is imputed to his or her client").

**{¶ 55}** In view of the entire record, we find no abuse of discretion by the trial court, even under our heightened and careful scrutiny. Accordingly, the first assignment of error is overruled.

### III.   Denial of Motions for Continuance

{¶ 56} Townsend's second assignment of error states that:

The Trial Court Erred by Denying Capt. Townsend's Motions for Continuance on March 27 and April 4, 2023.

{¶ 57} Under this assignment of error, Townsend contends that when the court denied his motion for a continuance, it denied him a substantial right to be represented by competent counsel.   Townsend additionally argues the court abused its discretion by failing to consider the time needed to obtain co-counsel and whether co-counsel could attend trial in a reasonable time, and by misattributing prior continuances to Townsend. Townsend further asserts that the court failed to consider if the continuance request was for a legitimate reason and erred in failing to inquire about counsel's health beyond asking general questions.   Finally, Townsend contends the trial court incorrectly elevated its docket over the interests of justice.

{¶ 58} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge."   *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), syllabus.   Consequently, we review for abuse of discretion, which most often concerns whether a decision was based on unsound reasoning.   *AAAA Ents.*, 50 Ohio St.3d at 161, 553 N.E.2d 597.

{¶ 59} "When the trial court considers a request for a continuance, any potential prejudice to a defendant must be weighed against such concerns as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice."   *Daffe v. Bailey*, 2d Dist. Montgomery No. 18761, 2001 WL 1561857 (Dec. 7,

2001), citing *Unger* at 67. In *Unger*, the court established the following factors for evaluating motions for a continuance: "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [party seeking the continuance] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Unger* at 68.

{¶ 60} Concerning Townsend's claim that the court failed to consider certain points, the Supreme Court of Ohio has stressed that "*Unger* does not suggest that information will always be available about each of these factors or require a court to assign particular weight to any one factor." *Musto v. Lorain Cty. Bd. of Revision*, 148 Ohio St.3d 456, 2016-Ohio-8058, 71 N.E.3d 279, ¶ 23.

{¶ 61} With this point in mind, we will separately consider the two continuance requests, as they may involve different facts.

A. March 10, 2023 Continuance Motion

{¶ 62} As noted, Townsend filed a request on March 10, 2023, seeking to continue the April 4 trial, and the court denied it on March 22, 2023. Townsend's motion did not mention any health issues; instead, it was based on discovery Appellees provided on March 5, 2023.

{¶ 63} In addressing this motion, the trial court noted that the 2017 action was

pending from September 17, 2017, to February 18, 2019 (or about 17 months), and during that time, Townsend's only attempt at discovery was one set of interrogatories and request for production of documents, which Appellees answered in September 2018. Order and Entry Denying Plaintiff's Motion to Continue the Trial and Reopen Discovery (Mar. 22, 2023) ("March Decision"), p. 2-3. Before dismissing the 2017 action, Townsend did not attempt to take any depositions even though Appellees had provided numerous documents and had listed numerous potential witnesses. *Id.* All of this, of course, was years before Folkerth's November 2020 accident.

**{¶ 64}** The court continued by outlining the remaining delays and Townsend's lack of diligence as outlined in the statement of facts, above. *Id.* at p. 2-4. It is true that some delay was caused between February 2022 and mid-September 2022, when Appellees appealed the denial of their summary judgment motion (which was based on immunity). The trial court noted this in its decision and did not blame Townsend for this fact. However, the court did comment that after the case returned and the April 2023 trial date was set, Townsend sent only one "extremely narrow" set of interrogatories related to overtime pay and hours for Townsend and another individual. Townsend did not send this request until December 8, 2022, nearly three months after the case was remanded (and about three-and-a-half years after the case was refiled). *Id.* at 4.

**{¶ 65}** The remainder of the court's discussion and analysis focused on Townsend's claim concerning documents Appellees disclosed on March 5, 2023. *Id.* at p. 4-10. During its discussion, the court specifically cited the factors outlined in *Unger. Id.* at p. 7. The court then stated that it had extensively reviewed all the discovery items

and had found that the items Appellees disclosed (within the discovery deadline) did not "relate to any potentially new or pivotal claims, defenses, or theories that were not already being pursued by the parties. It appears that the 'new' documents are simply supplemental documents that are similar to and reference the same topics as documents previously disclosed." *Id.*

**{¶ 66}** Additionally, the court noted that Townsend failed to file any relevant discovery requests in the refiled case and also had not furnished any authority requiring supplementation of discovery in a refiled case. In this vein, the court remarked that "it is well established that following a voluntary dismissal without prejudice, the action is treated as it if had never existed, and the parties revert to the same position they were in before the action was filed." *Id.* at p. 7, citing *Mila Invests., Ltd. v. Hutchins*, 2d Dist. Montgomery No. 28213, 2019-Ohio-4298, ¶ 22. (Other citation omitted.) We agree.

**{¶ 67}** In addition, the trial court found that even if a duty to supplement had existed, Appellees did not violate the duty because, in the 2017 action, they had given Townsend a long list of Kettering employees who had complained about Townsend, the substance of the allegations, and related documentation. *Id.* at 7-8. The court further stressed that while Townsend had been provided "with over 20 names of witnesses that may have information relevant to Plaintiff's claims on or before September 19, 2018," he had chosen to depose only four of those witnesses in the four and a half years since the disclosure. *Id.* at p. 8.

**{¶ 68}** We see no abuse of discretion or unsound reasoning in the court's decision. At this point, Folkerth had not raised any issues about his health, and the court addressed

the matter he did raise, i.e., discovery. From the court's decision, it is clear the court found Townsend's conduct and request dilatory and that Townsend had contributed to the circumstances giving rise to his request; the court also did not find Appellees responsible in any way. Again, based on a complete review of the record, we agree. As noted, when asked during the final pretrial conference about the discovery issue, Townsend's counsel was able to identify only one document. Pretrial Tr. at 30-32. At that time, the court stressed that rather than continuing the trial, the appropriate remedy would be for the document to be excluded or Townsend could choose to use it. *Id.* at 32. We agree.

B. April 4, 2023 Continuance Request

**{¶ 69}** As outlined above, after the trial court said during the March 27, 2023 final pretrial conference that trial would proceed as scheduled, Townsend filed a frivolous appeal. When that failed to succeed, Townsend and Folkerth appeared for trial on April 4, 2023. At the time, jurors had arrived in court and were being checked in. Trial Tr. at 3. Folkerth then again moved for a continuance, stating, "Mr. Townsend is not able to represent himself in this matter, and I'm not able to represent him now, or, realistically, I don't know when." *Id.* at 4. As indicated, after some further discussion and Folkerth's continuing refusal to proceed, the court notified Townsend and Folkerth of its intent to dismiss the case for lack of prosecution. The court then dismissed the jury and gave both sides the chance to file memoranda on the issue.

**{¶ 70}** Again, applying the factors in *Unger*, 67 Ohio St.2d at 68, 423 N.E.2d 1078,

we conclude that the decision to deny a continuance the day of trial was based on sound reasoning. Townsend contends the trial court should have inquired about Folkerth's health rather than asking general questions. However, the court did not have any burden; Townsend was the one asking for a continuance. We have previously said, in the context of a permanent custody case, that "claimed hospitalization and medical conditions * * * have been found insufficient to require continuing a permanent-custody hearing." *In re D.K.*, 2d Dist. Greene No. 2014-CA-37, 2015-Ohio-546, ¶ 15, citing *In re Jordan H.*, 6th Dist. Lucas No. L-07-1136, 2007-Ohio-4091, ¶ 23–24. The rights involved here were not more important.

{¶ 71} In *Council v. Council*, 2d Dist. Montgomery No. 23514, 2010-Ohio-3445, our court said "denial of a continuance may be an abuse of discretion if counsel unexpectedly becomes severely ill and that particular counsel is necessary for the proper presentation of the case." *Id.* at ¶ 26. However, in *Council*, we found no abuse of discretion where the court denied a motion for continuance made the day of trial. We remarked that the case had been pending for 13 months and had been continued four times. *Id.* at ¶ 22-24. Furthermore, while the trial judge had been notified that morning that the party's counsel was "not feeling well," we noted that the "attorney did not file anything with the court – either contemporaneously with her telephone call or between the telephone call and the 1:30 p.m. hearing – to document that her health condition or any other reason warranted the requested continuance." *Id.* at ¶ 27.

{¶ 72} In contrast, we did find a trial court had abused its discretion by denying a continuance and holding a second scheduled divorce hearing when the appellant had

submitted an affidavit from her medical provider. In that case, the doctor stated the appellant had pneumonia and would "be unable to appear for either a deposition or trial for at least fourteen (14) days, without endangering her own health and/or the health of others." *Cook v. Cook*, 2d Dist. Montgomery No. 13849, 1994 WL 237489, *2 (June 3, 1994).

{¶ 73} The point here is that Folkerth could have submitted documentation supporting his claim that health issues prevented him in April 2023 from trying the case as scheduled. He made no attempt to do so.

{¶ 74} Furthermore, the situation was by no means an emergency or unexpected. In fact, Folkerth's comments to the trial court revealed that he was or should have been aware of health issues well in advance of the trial date. When the court asked Folkerth on April 4, 2023, why he had failed to mention his health in the March 10, 2023 motion, Folkerth said, "That's because I believed I could do it at the time." Trial Tr. at 5. When the court asked what had changed since then, Folkerth had no response other than to say that, "What's changed is the realization that this trial's going forward and I would have to do it, and I can't do it." *Id*. However, the trial date had been scheduled since September 2022 (about seven months prior). Given the number of continuances and the length of time the case had been pending, the trial court could have reasonably concluded that this "explanation" carried little weight and cast doubt on whether the requested delay was for legitimate reasons or was dilatory and contrived. It also indicated that Townsend, through his counsel, contributed to the delay.

{¶ 75} As to the length of the delay, Folkerth was not able to give the court any

idea of when he would be able to try the case. Again, this factor did not favor a continuance. Moreover, Appellees, opposing counsel, and the court were certainly inconvenienced. As Appellees note in their brief, they had to continue to prepare for trial, incurring expenses, and had called witnesses. Appellees' Brief, p. 19. The court had also summoned a jury and had been prevented from scheduling other matters for that day.

**{¶ 76}** Accordingly, in light of the factors used to evaluate requests for continuances, the trial court did not abuse its discretion in denying continuances to Townsend. The second assignment of error is without merit and is overruled.


IV. Conclusion

**{¶ 77}** All of Townsends's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and LEWIS, J., concur.